plaint alleged that while plaintiff was riding as a guest in defendant's automobile then being operated by defendant in the borough of Manhattan, in the vicinity of Harlem River Speedway and near Highbridge, defendant so carelessly and negligently conducted the management and operation of said automobile that it was caused or permitted to descend a steep flight of stone steps causing the injury complained of.

*Alfred M. Bailey* and *Frank J. O'Neill* for appellant.

*Charles B. Law* and *Frederick S. Martyn* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

LUKASZ LUKAWSKI, Respondent; *v.* JAMES DEVLIN, Appellant.

*Contract — Statute of Frauds — specific performance — vendor and purchaser — sufficiency of memorandum of contract for sale of real property.*

*Lukawski* v. *Devlin,* 214 App. Div. 734, affirmed.

(Submitted June 9, 1926; decided July 9, 1926.)

APPEAL from a judgment entered July 2, 1925, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term and directing judgment in favor of plaintiff. The action was brought for the specific performance of the following alleged contract to sell real property:

" STATEN ISLAND,
        "*May 16th,* 1923.

" Received from Lukasz Lukawski, the sum of $100.00 (One Hundred Dollars) in part payment of $3,500.00 (Thirty-five Hundred Dollars), on House, No. 35–37 John Street, Port Richmond, S. I., the balance to be paid in 60 days.          JAMES DEVLIN,
                " Tel. P. R. 332-M."

The defense was that the memorandum was insufficient under the Statute of Frauds. The Appellate Division held that it satisfied all the requirements of the statute.

*William C. Casey, Jr.,* for appellant.

*Max Levy* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LOUIS M. KARDOS, Appellant.

*Crimes — stockbroker trading for his own account against order of customer — sufficiency of evidence to warrant conviction.*

*People* v. *Kardos,* 215 App. Div. 710, affirmed.

(Argued June 2, 1926; decided July 9, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 27, 1925, which affirmed a judgment of the Court of General Sessions of the Peace in the county of New York rendered upon a verdict convicting the defendant of the crime of feloniously trading as a broker against the order of a customer.

*Philip C. Samuels* and *Max Lazarus* for appellant.

*Joab H. Banton, District Attorney (Felix C. Benvenga* and *William B. Moore* of counsel), for respondent.

PER CURIAM. The elements of proof that are lacking in *People* v. *Ruskay* (243 N. Y. 58) are present in this case. The defendant having purchased stock for his customer, on the same day sold for his own account, the same kind of stock with intent to trade against the customer's order. The evidence is conclusive that fifty shares were purchased for the customer and fifty shares sold for the house account. The question of intent and purpose appeared from other similar transactions under such circumstances as to make a fair question for the jury, of the defendant's intent and purpose, in selling these fifty shares so soon after the purchase for his customer. While the defendant may not have had personal