■ BEN D. BIRNHAK et al., Appellants, v JOSEPHINE VACCARO, Respondent.—In an action for specific performance of a contract for the sale of real property, the plaintiff vendees appeal from an order of the Supreme Court, Kings County, dated May 24, 1974, which (1) denied their motion for summary judgment and (2) granted defendant's cross application for summary judgment. Order modified by deleting therefrom the second decretal paragraph thereof and inserting in its stead a provision denying defendant's cross application. As so modified, order affirmed, without costs. Plaintiffs instituted this action to compel defendant to perform an alleged agreement to sell to them a two-family house located in Brooklyn, New York. The agreement is evidenced by a writing signed by the parties which states: "Agreement made this 24th day of January 1973 between Josephine Vaccaro as seller and Ben D. *[sic]* Francoise Birnhack as Purchasers. Seller agrees to sell land and building located at 1842–49th Street, Brooklyn, N.Y., for the sum of forty thousand dollars ($40,000). With the signing of this Agreement, Josephine Vaccaro acknowledges receipt of $100. (One Hundred Dollars) as a binder. (signed) Josephine Vaccaro, Seller Ben D. Birnhack Francoise Birnhack, Purchasers". Subsequent to the execution of this writing, defendant refused to proceed with the closing of title. Her answer to the complaint consists of general denials and the affirmative defense of the Statute of Frauds. Plaintiffs' motion for summary judgment was denied. Special Term found that the memorandum was sufficient to satisfy the Statute of Frauds. However, it held that plaintiffs were not ready, willing and able to perform because, in their prayer for relief, they requested that possible mortgage lenders be allowed to inspect the premises in order to

consummate a loan to them. Accordingly, summary judgment was awarded to defendant. We disagree with that conclusion. Subdivision 2 of section 5-703 of the General Obligations Law provides, in pertinent part, that "A contract * * * for the sale, of any real property, or an interest therein, is void unless the contract *or some note or memorandum thereof,* expressing the consideration, is in writing, subscribed by the party to be charged" (emphasis supplied). Standing alone, this memorandum is sufficient within the requirements of the statute. It identifies the parties, the property subject to the transaction, gives the price and is subscribed by the party to be charged (see *Galletta v Zuckerman,* 122 NYS2d 10; cf. *Tobias v Lynch,* 192 App Div 54, affd 233 NY 515). The failure of the parties to specify in the writing a date for closing is not a fatal defect since the law will presume that it will take place within a reasonable time (see *N. E. D. Holding Co. v McKinley,* 246 NY 40, 45; *Tobias v Lynch, supra,* p 646). Identification of the premises by its street number is sufficient *(Lukawski v Devlin,* 243 NY 583; *Galletta v Zuckerman, supra,* p 12). Although the memorandum does not provide when the purchase price of $40,000 is to be paid, "the presumption is that money was to be the medium of payment, and that the final payment was to be made at the delivery of the deed" *(N. E. D. Holding Co. v McKinley, supra,* p 44). Thus, on its face, this memorandum contains all of the essential elements of a contract. Finally, we note that Special Term erred in granting summary judgment to defendant on the sole ground that plaintiffs' request to allow the premises to be inspected by possible mortgagees established that they were not ready, willing and able to perform. Plaintiffs have vigorously maintained that they are ready, willing and able to perform. If they should prevail upon the trial, the decree granting them specific performance would, of course, be conditioned upon their payment of the balance of the purchase price. Martuscello, Acting P. J., Latham, Cohalan, Christ and Shapiro, JJ., concur.