■ MARJORIE MANGANELLO, Appellant, v SAMUEL R. SHERMAN, Also Known as S. RICHARD SHERMAN, Defendant and Third-Party Plaintiff-Respondent. GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC., Third-Party Defendant-Respondent. — Judgment of the Supreme Court, Westchester County (Marbach, J.), dated September 20, 1983, affirmed, with one bill of costs. (See *Nussbaum v Lacopo,* 27 NY2d 311, 319; PJI 2:12.) Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.

■ ALFRED H. MATTIKOW, Respondent, v UNITED JERSEY MORTGAGE Co., Defendant, and UNITED JERSEY BANK, Appellant. — In an action, *inter alia,* to recover damages for breach of contract, defendant United Jersey Bank appeals from so much of a judgment of the Supreme Court, Putnam County (Beisheim, J.), dated June 30, 1983, as awarded plaintiff the principal sum of $100,000, after a nonjury trial.

Judgment affirmed, insofar as appealed from, with costs.

Plaintiff's letter of August 14, 1979 identified the parties to the contract and the property which was the subject of the transaction, set out the price and detailed the terms of payment (see *Birnhak v Vaccaro,* 47 AD2d 915). As such, plaintiff's offer set out all of the essential terms of a contract with reasonable definiteness. Accordingly, a valid and enforceable contract was created when appellant accepted the offer on August 20, 1979 (see *Tymon v Linoki,* 16 NY2d 293). Although a down payment of $30,000 was due upon execution of a formal contract, plaintiff's failure to pay that sum did not constitute a breach of contract since no formal contract was executed.

Under all the circumstances, the damages awarded by the court were reasonable. Mollen, P. J., Lazer, Gibbons and Brown, JJ., concur.