(January 19, 1988)

■ J. HERBERT DAHM, JR., Appellant-Respondent, v ARMAND MIELE, Respondent-Appellant.—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from so much of a judgment of the Supreme Court, Rockland County (Edelstein, J.), dated February 10, 1986, as, after a nonjury trial, dismissed the complaint, and the defendant cross-appeals, as limited by his notice of appeal and brief, from so much of the same judgment as dismissed his second and third counterclaims.

Ordered that the judgment is modified, by deleting the provision thereof which dismissed the second and third counterclaims and substituting therefor a provision severing those counterclaims; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for a new trial on those counterclaims.

The plaintiff premised this action for specific performance on a letter agreement he and the defendant signed on or about February 1, 1983. The agreement provides for conveyance to the defendant of certain parcels of real property or parts of parcels and rights-of-way owned by the plaintiff or by a corporation of which the plaintiff is president and sole shareholder. It also provides for conveyance to the plaintiff of part of a parcel that the defendant was under contract to purchase from Conrail Corporation, for which the plaintiff was to pay the defendant "50% of the purchase cost of the property from Conrail, not to exceed $16,000". By the agreement, the parties contemplated obtaining consent to the conveyances by the holder of a mortgage on property owned by the plaintiff or his corporation, and consent to the "partition" of "the properties" by the governing municipality. Both parties agree on appeal that the consents were conditions precedent.

In November 1983 the defendant advised the plaintiff that he considered the letter agreement "moot" because, *inter alia,* there had been no attempt to obtain consent of the mortgagee and no attempt to obtain permission to subdivide. The plaintiff then commenced this action. The defendant answered and interposed three counterclaims, the first of which was for rescission of the February 1, 1983, letter agreement. A nonjury trial commenced in October 1985. During its course, the trial court granted the defendant's motion to sever the counterclaims and the proof adduced was limited to the issue of specific performance. In the judgment appealed from, the trial

court dismissed the plaintiff's complaint, holding that the agreement did not satisfy the Statute of Frauds (see, General Obligations Law § 5-703) because the essential term of price was missing or ambiguous. The trial court also dismissed the defendant's counterclaims because the defendant did not produce "sufficient persuasive evidence in support" thereof.

We agree with the trial court's dismissal of the plaintiff's complaint, although for different reasons. An agreement complies with the Statute of Frauds if it contains "substantially the whole agreement, and all its material terms and conditions, so that one reading it can understand from it what the agreement is" (Mentz v Newwitter, 122 NY 491, 497). The price in the February 1, 1983, agreement sets forth a cognizable formula by which the agreed purchase price can be readily ascertained. We therefore do not agree that the "price" is so ambiguous as to be violative of the Statute of Frauds (cf., Pratt Co. v Roseman, 259 App Div 534). Nor do we agree with the defendant that, because the parties used the term "offer" regarding the properties to be transferred, the agreement expressed only an intent to later negotiate missing terms. It is clear from the context that the term "offer" as used in the agreement is synonymous with the word convey. We also disagree with the defendant's contention that the parties' failure to specify a closing date is fatal, for the law will presume that the closing will take place within a reasonable time (see, N. E. D. Holding Co. v McKinley, 246 NY 40, 45; see also, Birnhak v Vaccaro, 47 AD2d 915). Moreover, the defendant's remaining challenges to the validity of the agreement are without merit.

However, notwithstanding that the agreement is otherwise enforceable, we conclude that dismissal of the plaintiff's complaint was proper. The plaintiff had the capability to perform the conditions precedent set forth in the agreement and failed to do so prior to commencing this action. Thus, the remedy of specific performance will not lie (see, Perna v Desai, 101 AD2d 857, affd 63 NY2d 898) and the defendant was entitled to rescind the contract after a reasonable time for the plaintiff's performance had elapsed (Perna v Desai, supra; see also, Haines v City of New York, 41 NY2d 769).

Although we note, and the defendant effectively concedes, that his first counterclaim for rescission is moot, the issues raised in the second and third counterclaims were not formally before the trial court when it ordered those counterclaims dismissed. Therefore, the trial court erred when it

dismissed the second and third counterclaims. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.