■ WILLIAM M. STEWART et al., Appellants, et al., Plaintiff, v MARTIN STERNBERG et al., Respondents. (And Another Title.) —In an action, *inter alia,* for specific performance of a contract for the sale of real property, the plaintiffs William M. Stewart and Helen R. Stewart appeal from an order of the Supreme Court, Nassau County (Morrison, J.), dated July 25, 1986, which granted the defendants' motion for partial summary judgment dismissing the plaintiffs' cause of action for specific performance.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment is denied.

The parties entered into a "purchase offer" agreement dated October 22, 1983, in which the plaintiffs Stewart agreed to purchase the defendants' home for $310,000 subject to a termite inspection and engineer's report. The closing date was scheduled as on or about June 1, 1984, and the document provided that "[t]his agreement to remain in force and effect unless or until superceded by further contract". Accompanied by a letter dated November 23, 1983, the defendants submitted to the Stewarts a "proposed contract of sale", dated

November 1983, for their signature. The defendants' letter provided that the "proposed contract of sale" had to be accepted in toto and "[i]f the signed contracts [were] not returned to [the defendants], together with the down payment called for thereunder, by Monday, November 28th, [the defendants would] conclude that [the plaintiffs] are no longer interested in purchasing the premises". By letter dated November 25, 1983, the Stewarts objected to the defendants' "proposed contract of sale" and attached "a listing of various and sundry items which must be addressed if this contract is to be implemented". In the same letter, the Stewarts also stated that if the defendants did not accept these changes, there would be "no purchase" by them. The parties could not resolve their differences, as reflected in these letters, and the plaintiffs thereafter sued for specific performance of the purchase offer dated October 22, 1983.

In their motion for summary judgment, the defendants argued, *inter alia,* that even assuming arguendo that the purchase offer dated October 22, 1983 was a binding contract, the Stewarts anticipatorily repudiated same by the language of their letter dated November 25, 1983.

In disposing of the defendants' motion for summary judgment, the Supreme Court, Nassau County, assumed, for the purposes of argument, that the purchase offer dated October 22, 1983 satisfied "the criteria for a contract for the sale of real property". It then granted the defendants' motion for summary judgment based on the ground that: "there can be no question but that the letter of November 25, 1983 from plaintiff William M. Stewart constituted a repudiation of that contract. In that letter, the writer referred to 'a listing of various and sundry items which must be addressed if this contract is to be implemented'. Since the only contract in existence at that time was the aforesaid purchase offer, it is clear that it was the implementation of that contract to which Stewart referred. The letter unequivocally stated in substance that if the sellers would not accept the changes proposed in the enclosed listing, there would be 'no purchase by th(e) writer'. Since there has been no showing that defendants accepted the changes in writing and, in fact, their attorney's letter of November 30, 1983, which allegedly was not received by Stewart, contained a rejection of those changes, the original contract was unquestionably repudiated by the Stewart letter which was, in effect, a counter offer to enter a new agreement containing the proposed changes".

We disagree with the holding of the Supreme Court, Nassau County.

The "purchase offer" dated October 22, 1983, and signed by the parties, satisfied the Statute of Frauds (General Obligations Law § 5-703 [2]) and constituted a binding contract, since it designated the parties, identified and described the subject matter and stated all the essential and material terms of the agreement (see, Tamir v Greenberg, 119 AD2d 665, lv denied 68 NY2d 607; Dickson v Mitchell, 87 AD2d 697, 698; Read v Henzel, 67 AD2d 186, 188). By its very terms, it was "to remain in force and effect unless or until superseded by further contract". The defendants attempted to supersede it when they sent the appellants, on November 23, 1983, a "proposed contract of sale" dated November 1983, for their signature. Under the circumstances, an issue of fact exists as to whether the Stewarts' letter of November 25, 1983 constituted a repudiation of the contract dated October 22, 1983, or was merely meant as a counter offer to the defendants' "proposed contract of sale" dated November 1983. Accordingly, the defendants' motion for summary judgment must be denied. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.