MAURICIO C. RAMOS, Appellant, v LIDO HOME SALES CORP., Respondent.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Di Tucci, J.), dated October 30, 1987, which granted the defendant's motion to dismiss the complaint, vacated the plaintiff's notice of pendency and denied his cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contentions, the court properly dismissed his complaint as the binder agreement did not satisfy the Statute of Frauds (General Obligations Law § 5-703 [2]). Generally, a binder agreement can be enforced as a contract where it identifies the parties, describes the subject property, recites the essential terms and is signed by the party to be charged *(see, Birnhak v Vaccaro,* 47 AD2d 915). The binder in the case at bar, however, was deficient in several respects.

Initially, as the Supreme Court found, the agreement failed to identify the seller of the property and hence is not suscepti-

ble to specific performance *(see, Dickson v Mitchell,* 87 AD2d 697).* Moreover, several essential terms were omitted. Among those not provided by the agreement were terms setting the closing date and the quality of title to be conveyed. While these deficiencies in and of themselves are not fatal, as they may be implied by law *(see, e.g., Dahm v Miele,* 136 AD2d 586),* specific performance was nevertheless correctly denied.

The binder provided that if the purchaser's offer was accepted, "more formal contracts containing all of the terms and conditions shall be signed". Contracts were subsequently exchanged. However, no agreement could be reached, as the purchaser objected to the defendant's attempt to render time of the essence and the purchaser further objected to the title proffered, alleging it to be unmarketable. Under these circumstances it is clear that the binder was not an enforceable contract as there was no meeting of the minds and the parties never intended that it constitute the full and binding agreement *(see, Donner v Septimus,* 137 AD2d 484; *Jaffer v Miles,* 134 AD2d 572, *appeal dismissed* 71 NY2d 927; *St. Paul's Realty Corp. v Huan Jen Chin,* 133 AD2d 450; *Monaco v Nelson,* 121 AD2d 371, *lv denied* 69 NY2d 605).* Rather, by providing that more formal contracts would be drafted to recite the complete terms and conditions, the binder constituted merely an agreement to agree, unenforceable under the Statute of Frauds *(see, Tamir v Greenberg,* 119 AD2d 665, *lv denied* 68 NY2d 607; *Sheehan v Culotta,* 99 AD2d 544).* Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.