■ LINDA M. KIRK ASSOCIATES, LTD., Respondent, v MCDONALD EQUITIES, INC., Appellant.—Judgment, Supreme Court, New York County (Norman A. Mordue, J.), entered July 25, 1988, awarding plaintiff damages including costs and interest of $79,326.25, following a nonjury trial for brokerage commissions, is unanimously affirmed, with costs.

The plaintiff broker sued defendant property owner to recover a brokerage commission on the ground that she brought about a meeting of the minds on the essential terms of the transaction, but defendant then refused to sell the property. Defendant contends that the prospective purchaser was not specifically identified and was not shown to be financially able to purchase the property. However, the trial record is clear as to the identity of the purchaser and his financial ability to consummate the deal.

Defendant also contends that there was no meeting of the minds on essential terms, as the only matter agreed upon was price. However, the record shows that agreement was reached not only on price, but on the cash component of the price, the

specifics of a second mortgage, and payment of the broker's commissions by the purchaser. Failure to agree on a closing date is not fatal, as the law will presume the closing will take place within a reasonable time *(Tobias v Lynch,* 233 NY 515). A broker may recover a commission where a seller capriciously refuses to discuss missing terms of a sale and thwarts its natural progress by wrongfully refusing to proceed *(Mengel v Lawrence,* 276 App Div 180). The trial record is clear that the prospective purchaser agreed to all terms set forth by defendant, which cannot escape the obligation to pay a commission because the contract was not finalized only because defendant decided not to proceed. Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ.