■ LAWRENCE O'BRIEN, Appellant, v CAROL M. WEST et al., Respondents. [605 NYS2d 366] —In an action, *inter alia,* for specific performance of a contract for the sale of real property and a business, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Un-

derwood, J.), entered May 16, 1991, which, upon denying the plaintiff's motion for summary judgment and granting the defendants' cross motion for summary judgment, dismissed the complaint and severed the defendants' counterclaims.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The law is settled that a binder agreement such as the memorandum at bar may satisfy the Statute of Frauds and thus be subject to specific performance where it identifies the parties, describes the subject property, recites all essential terms of a complete agreement, and is signed by the party to be charged (see, Engle v Lipcross, Inc., 153 AD2d 603, 605; Ramos v Lido Home Sales Corp., 148 AD2d 598; Tamir v Greenberg, 119 AD2d 665). Moreover, the essential terms which must be set forth for the binder to be enforceable include those terms customarily encountered in transactions of this nature (see, Taibi v American Banknote Co., 135 AD2d 810, 811). One can only find a true meeting of the minds where a binder constitutes a complete agreement reciting all essential terms and satisfying the other previously mentioned conditions (see, La Barca v Altenkirch, 193 AD2d 586; Monaco v Nelson, 121 AD2d 371).

To satisfy the Statute of Frauds, the writing must set forth the entire contract with reasonable certainty so that the substance thereof appears from the writing alone (see, Aceste v Wiebusch, 74 AD2d 810). If the contract is incomplete and it is necessary to resort to parol evidence to ascertain what was agreed to, the remedy of specific performance is not available (see, Wright v Weeks, 25 NY 153). Parol evidence may not be received to supplement an insufficient writing so as to bring it into compliance with the requirements of the Statute of Frauds (see, Mandel v Guardian Holding Co., 200 App Div 767, affd 234 NY 564). Notably, only reasonable certainty, not absolute certainty, as to the terms of the agreement is required (see, Marder's Nurseries v Hopping, 171 AD2d 63). Nevertheless, application of the foregoing principles to the facts of the instant case leads to the conclusion that the agreement is deficient in several respects.

Although the memorandum recited the purchase price agreed to by the parties, was signed by the parties, and set forth basic payment terms, it omitted several other essential terms. The description of the property was insufficient, especially as to "all adjacent and remote parcels" (see, Tetz v Dexter, 133 AD2d 79; Barber v Stewart, 275 App Div 429; cf.,

*Maccioni v Guzman,* 145 AD2d 415). Furthermore, the memorandum agreement was subject to further negotiations, as evidenced by the buyer's obligation to pay $9,900 being subject to his "acceptance of contract". Thus, the writing itself indicates that it was not intended to be a complete contract *(see, Tamir v Greenberg,* 119 AD2d 665, *supra).* Moreover, to the extent that this provision of the agreement is ambiguous, it should be construed against its drafter—the plaintiff buyer *(see, Jacobson v Sassower,* 66 NY2d 991; *Rieter v Tavella,* 157 AD2d 894).

Significantly, this $450,000 commercial transaction was to be paid for, in part, by a promissory note for $300,000, payable in monthly installments of $2,700 over 10 years. However, the rate of interest to be paid on the note had not been agreed to and the memorandum made no reference to the mortgage that was to secure the debt. Where a mortgage is intended to be part of the contract and mention thereof is omitted from the writing, the omission of a material element that was obviously not agreed upon in the writing renders the writing insufficient for Statute of Frauds purposes *(see, Willmott v Giarraputo,* 5 NY2d 250; *Jaffer v Miles,* 134 AD2d 572; *Blakey v McMurray,* 110 AD2d 998; *Read v Henzel,* 67 AD2d 186; *Osta v Jarrett,* 27 AD2d 882, 883). Clearly, the omission of the mortgage terms was a material omission indicating that there had been no meeting of the minds on this term which, along with all others, was subject to acceptance by the buyer *(see, Bhutta Realty Corp. v Sangetti,* 165 AD2d 852). Since the binder provided that the obligation to pay $9,900 was subject to the "acceptance of contract" by the buyers, the fact that no formal contract was drafted thereafter further indicates that there was no meeting of the minds as to all essential terms *(see, Danton Constr. Corp. v Bonner,* 173 AD2d 759). Furthermore, the memorandum made no mention of a closing date, the quality of title to be conveyed, adjustments for real estate and/or sales taxes paid by the sellers, or the risk of loss during the sale period. While the omission of any of these terms, standing alone, may not have constituted a fatal omission *(see, Dahm v Miele,* 136 AD2d 586 [closing within a reasonable time implied by law]), and the quality of title to be passed may be presumed to be marketable *(see, Vought v Williams,* 120 NY 253), the omission of so many material terms from the instant agreement underscores the conclusion that it was not intended to be a complete contract containing all essential terms *(see, Jaffer v Miles,* 134 AD2d 572, *supra; see also, Coniglio v Old Brookville Assocs.,* 162 AD2d 432).

Therefore, specific performance was correctly denied. Thompson, J. P., Balletta, Miller and Joy, JJ., concur.