■ NORMAN SHREIBER et al., Appellants, v FRANK A. DELIA et al., Respondents. [635 NYS2d 876] —Judgment unanimously reversed on the law without costs, complaint reinstated and judgment granted in accordance with the following Memorandum: Plaintiffs seek specific performance of a contract for the sale of commercial real property. Following a bench trial, Supreme Court dismissed the complaint on the ground that the essential terms of the mortgage to be provided by plaintiffs were lacking and that the contract was indefinite and therefore unenforceable *(see, Martin Delicatessen v Schumacher,* 52 NY2d 105; *Willmott v Giarraputo,* 5 NY2d 250). That was error.

The contract required defendants to apply for a 25-year conventional fixed-rate mortgage loan in an amount not to exceed the purchase price of $325,000, at an interest rate of 11.5%. The contract further provided that, if defendants were unable to secure a mortgage commitment, plaintiffs had the option "to obtain such financing on behalf of [defendants] or to provide same at current commercial loan rates."

We conclude that the terms of the mortgage to be provided by plaintiffs are reasonably certain and that the contract is enforceable. The term, amount and rate of interest are not indefinite simply because they are not expressed in specific numbers *(see, Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475, 483, *cert denied* 498 US 816). The term and amount

of the mortgage may be determined by reference to the language in the contract giving plaintiffs the right to provide the same type of financing for which defendants were required to apply *(see, Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Road Corp.,* 78 NY2d 88, 91-92; *Martin Delicatessen v Schumacher, supra,* at 110). Further, the interest rate provided in the financing option, "current commercial loan rates", may be determined "by reference to an extrinsic standard that makes its meaning clear" *(Cobble Hill Nursing Home v Henry & Warren Corp., supra,* at 483; *see, Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Road Corp., supra,* at 92).

The record establishes that plaintiffs were ready, willing and able to perform and that defendants breached the contract. Plaintiffs, therefore, are entitled to specific performance of the contract *(see, Cobble Hill Nursing Home v Henry & Warren Corp., supra,* at 485; *Oneida City School Dist. v Seiden & Sons,* 177 AD2d 828, 830). We grant judgment in favor of plaintiffs accordingly. (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Specific Performance.) Present—Denman, P. J., Green, Fallon, Doerr and Boehm, JJ.