■ 160 CHAMBERS ST. REALTY CORP., Appellant, v REGISTER OF THE CITY OF NEW YORK et al., Respondents. [641 NYS2d 351] —In consolidated actions for specific performance and ejectment, 160 Chambers St. Realty Corp. appeals from a judgment of the Supreme Court, Queens County (Dye, J.), entered November 1, 1994, which, after a nonjury trial, awarded Leonard Kohn specific performance of a contract of sale of certain premises and dismissed the ejectment action.

Ordered that the judgment is affirmed, with costs to Leonard Kohn.

In November 1981, Lawrence Omansky, president of 160 Chambers St. Realty Corp., wrote a letter to Leonard Kohn, offering to sell the subject property to Kohn for $12,000. Kohn, treating the letter as a contract of sale, paid $500 to the broker who arranged the sale, and the broker gave Kohn the keys to the premises. Thereafter, Omansky demanded an additional sum. The parties could not agree to an additional payment and they failed to proceed to closing. Kohn purchased an assignment of mortgage from the mortgagee of the premises. In his capacity as mortgagee, he applied for and took the property out of in rem foreclosure for nonpayment of taxes. He then paid the taxes on the property, made several repairs to the premises, and rented out portions to the other defendants in this lawsuit.

In 1987 the plaintiff commenced an ejectment action to regain possession of the premises. Kohn then commenced an action for specific performance of the alleged contract of sale. The actions were consolidated. After a nonjury trial, the ejectment action was dismissed and the defendant Leonard Kohn was granted specific performance.

Generally, a letter or memorandum can be enforced as a

contract where it identifies the parties, describes the subject matter, states the essential terms, and is signed by the party to be charged (*see,* General Obligations Law § 5-703 [2]; *Ramos v Lido Home Sales Corp.,* 148 AD2d 598; *Monaco v Nelson,* 121 AD2d 371; *Dickson v Mitchell,* 87 AD2d 697; *Birnhak v Vaccaro,* 47 AD2d 915). That the parties anticipated the execution of a more formal contract would not impair the effectiveness of the writing if it, in fact, embodies all of the essential terms of the agreement (*see, Tymon v Linoki,* 16 NY2d 293; *Pelletreau v Brennan,* 113 App Div 806; *Peerless Realty Corp. v Roemer,* 154 NYS2d 70).

In this case, the letter which was treated as a contract of sale designated the parties, sufficiently identified the property, and stated the price. Although the memorandum did not specify how or when the $12,000 purchase price was to be paid, it may be presumed that money was the medium of payment, and final payment was to be made upon delivery of the deed (*see, Birnhak v Vaccaro, supra; see also, N.E.D. Holding Co. v McKinley,* 246 NY 40, 44; *Mattikow v United Jersey Mtge. Co.,* 104 AD2d 973).

The issues of credibility raised by the appellant, under the circumstances of this case, were best left to the trial court, who had the benefit of seeing and hearing the witnesses (*see, Prezioso v Demchuck,* 204 AD2d 614).

The appellant's remaining contentions are without merit. O'Brien, J. P., Ritter, Hart and Goldstein, JJ., concur.