■ RUTH SIMMONDS, Appellant, v ROBERT MARSHALL et al., Respondents. [740 NYS2d 362] —In an action to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Klein, J.), dated June 5, 2001, as granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

To satisfy the statute of frauds and be enforceable as a final contract, a binder agreement for the sale of real property must identify the parties, describe the subject property, recite all of the essential terms of a complete agreement, and be signed by the party to be charged (*see Century 21 Volpe Realty v Jhong Kim,* 231 AD2d 667; *O'Brien v West,* 199 AD2d 369; *Ramos v Lido Home Sales Corp.,* 148 AD2d 598). The terms upon which there must be agreement include those essential terms customarily encountered in a real estate transaction (*see M.A. Salazar, Inc. v Levy,* 237 AD2d 583; *Taibi v American Banknote Co.,* 135 AD2d 810). Where the binder agreement contemplates the future execution of a formal contract, and essential terms have been omitted or left for future negotiation, the binder is unenforceable (*see Jaffer v Miles,* 134 AD2d 572; *Read v Henzel,* 67 AD2d 186).

Contrary to the plaintiff's contention, the one-page pre-printed binder agreement signed by the parties, which made several references to the future execution of a more formal contract, is insufficient to satisfy the statute of frauds. Although the property which was the subject of the sale was part of a condominium development, the binder contained no indication of this fact, and did not state that the conveyance was to include the defendants' interest in the common elements of the condominium, or that the sale was subject to the condominium board's right of first refusal. In addition, after signing the binder, the parties entered into further negotiations on the issue of whether the defendant sellers should be responsible for a possible post-closing increase in condominium assessments. The binder also expressly stated that it was subject to the approval of the defendant sellers' attorney, and there is no evidence that such approval was ever given. Under these circumstances, the Supreme Court properly concluded that the binder was not a legally-enforceable contract for the sale of the defendants' condominium unit (*see Checkla v Stone Meadow Homes,* 280 AD2d 510; *O'Brien v West, supra; La Barca v Altenkirch,* 193 AD2d 586; *Jaffer v Miles, supra*). Altman, J.P., Krausman, Goldstein and H. Miller, JJ., concur.