■ ABDOLLAH RAHIMZADEH et al., Respondents, v M.A.C. Associates, Appellant. [758 NYS2d 159] —In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated May 16, 2002, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A binder agreement for the sale of real property satisfies the statute of frauds and is subject to specific performance where the agreement identifies the parties and the subject property, recites all essential terms of a complete agreement, and is signed by the party to be charged (see O'Brien v West, 199 AD2d 369, 370 [1993]; Ramos v Lido Home Sales Corp., 148

AD2d 598 [1989]; *Simmonds v Marshall,* 292 AD2d 592 [2002]; *Checkla v Stone Meadow Homes,* 280 AD2d 510 [2001]). In addition, the binder agreement must include those essential terms customarily encountered in a real estate transaction (*see Simmonds v Marshall, supra; O'Brien v West, supra*).

Contrary to its contention, the defendant did not make a prima facie showing of entitlement to summary judgment. The subject agreement was signed by the party to be charged, identified the parties and the subject property, and set forth the closing date, the quality of title to be conveyed, and payment and financing terms. Thus, there exists an issue of fact as to whether such agreement satisfies the statute of frauds, and is, therefore, enforceable. Accordingly, the Supreme Court correctly denied the defendant's motion for summary judgment dismissing the complaint.

The defendant's remaining contention is without merit. Florio, J.P., Luciano, Schmidt and Cozier, JJ., concur.