■ ALFRED SABETFARD, Appellant, v DJAVAHERI REALTY CORP., Respondent. [795 NYS2d 643]—

In an action, inter alia, for specific performance of an agreement to purchase real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), dated April 19, 2004, which granted the defendant's motion, among other things, to dismiss the complaint, directed the Nassau County Clerk to cancel the notice of pendency filed against the property designated on the North Hempstead tax map as Block 376, Section 2, Lots 9, 10, and 12, located in Great Neck and denied his cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting the motion and directing the Nassau County Clerk to cancel the notice of pendency filed against the property designated on the North Hempstead tax map as Block 376, Section 2, Lots 9, 10, and 12, located in Great Neck and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements, and the Nassau County Clerk is directed to reinstate the notice of pendency.

Pursuant to a written agreement executed by the parties on July 25, 2002 (hereinafter the agreement), the plaintiff agreed to purchase from the defendant certain real property designated on the North Hempstead tax map as Block 376, Section 2, Lots 9, 10, and 12, located in Great Neck. The agreement required

the plaintiff to pay a deposit upon signing, and an additional deposit within seven days on signing a "more detailed & supplemental contract." The supplemental contract was intended to address several collateral matters that were not addressed in the agreement. The defendant's attorney delivered to the plaintiff a proposed supplemental contract which did not address all of the collateral matters. When the plaintiff discovered a zoning restriction on the property, his attorney sent a letter to the defendant's attorney requesting a credit or a reduced purchase price. The letter also addressed the absence of the collateral matters from the proposed supplemental contract. The defendant's attorney responded with a letter in which he advised that the price reduction was not acceptable to the defendant, and demanded that the plaintiff make the additional contract deposit by September 3, 2002. The defendant allegedly refused to meet with the plaintiff to discuss the collateral matters.

By letter dated September 19, 2002, the plaintiff's attorney requested that the defendant's attorney return his call to schedule a closing date. By letter dated September 25, 2002, the plaintiff's attorney again requested that a closing be scheduled. Subsequently, the plaintiff commenced this action, inter alia, for specific performance of the agreement. The defendant moved, among other things, to dismiss the complaint and the plaintiff cross-moved for summary judgment. The Supreme Court granted the defendant's motion on the ground that the agreement violated the statute of frauds (*see* General Obligations Law § 5-703 [2]).

"To satisfy the Statute of Frauds, a writing must identify the parties, describe the subject matter, state all the essential terms of an agreement, and be signed by the party to be charged" (*Urgo v Patel*, 297 AD2d 376, 377 [2002]). "That the parties anticipated the execution of a more formal contract would not impair the effectiveness of the writing if it, in fact, embodies all of the essential terms of the agreement" (*160 Chambers St. Realty Corp. v Register of New York*, 226 AD2d 606, 607 [1996]).

The agreement identified the parties, described the subject property, stated the time and terms of payment, established the closing date, and was subscribed by the parties to be charged. Accordingly, the agreement satisfied the statute of frauds (*see* General Obligations Law § 5-703 [2]; *Rahimzadeh v M.A.C. Assoc.*, 304 AD2d 636 [2003]; *160 Chambers St. Realty Corp. v Register of New York, supra*; *Healy v Gumienny*, 142 AD2d 629 [1988]; *cf., Sabetfard v Smith*, 306 AD2d 265 [2003]). The matters that were to be included in the supplemental contract were

not material terms, and the fact that they remained unresolved did not vitiate the parties' meeting of the minds as expressed in the executed agreement.

However, the plaintiff's cross motion for summary judgment was properly denied because the defendant raised triable issues of fact as to whether the plaintiff repudiated the agreement or failed to comply with all of his obligations thereunder (*see G.G.F. Props. v Yu Mi Hong*, 284 AD2d 427 [2001]; *Stewart v Sternberg*, 137 AD2d 592 [1988]). Florio, J.P., Adams, Luciano and Skelos, JJ., concur.