■ SALLY OMAR et al., Respondents, v MAREK ROZEN et al., Appellants. [867 NYS2d 458]—

In an action, inter alia, to recover damages for breach of contract and for specific performance of a right to repurchase real property, the defendants appeal, as limited by their brief, from so much an order of the Supreme Court, Suffolk County (Cohalan, J.), entered June 28, 2007, as denied those branches of their motion which were for summary judgment dismissing the complaint on the grounds that an agreement dated March 9, 2001, violated the rule against perpetuities and omitted material terms.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements, and, upon searching the record, the plaintiffs are awarded summary judgment dismissing the defendants' affirmative defenses of the statute of frauds and violation of the rule against perpetuities with respect to the repurchase option contained in the agreement dated March 9, 2001.

Contrary to the defendants' contention, the repurchase option contained in the agreement of March 9, 2001 (hereinafter the agreement), does not violate the rule against perpetuities. The agreement limits the right of the plaintiff Sally Omar to repurchase the property to a five-year time period (*see* EPTL 9-1.1 [b]). The defendants' contention that the agreement violates the rule against perpetuities because it lacks a closing date is without merit. The law will presume a reasonable closing date (*see Kirk Assoc. v McDonald Equities,* 155 AD2d 281, 282 [1989]; *Dahm v Miele,* 136 AD2d 586, 587 [1988]), and the

failure to close within that time period constitutes a breach of the covenant of good faith and fair dealing implicit in every contract (*see D'Agnese v Spinelli*, 290 AD2d 528 [2002]; *see generally Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the agreement violated the rule against perpetuities.

The defendants failed to satisfy their prima facie burden of establishing that the agreement fails to satisfy the statute of frauds (*see Rahimzadeh v M.A.C. Assoc.*, 304 AD2d 636, 637 [2003]). The agreement identifies the parties, describes the subject property, and provides a reasonably certain method of determining a purchase price and the terms of financing (*see Tonkery v Martina*, 78 NY2d 893 [1991]; *Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91 [1991]; *Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 483-484 [1989], *cert denied* 498 US 816 [1990]; *Schreiber v Delia*, 222 AD2d 1063 [1995]; *Marder's Nurseries v Hopping*, 171 AD2d 63, 70-74 [1991]). There is no merit to the defendants' contention that some of those terms were left open for future negotiations (*cf. Dutchess Dev. Co. v Jo-Jam Estates*, 134 AD2d 478 [1987]). While some terms, such as the closing date, the quality of title to be conveyed, and the risk of loss between contract and closing, are not included within the agreement, the law will serve to fill in those missing provisions (*see* General Obligations Law § 5-1311; *Kirk Assoc. v McDonald Equities*, 155 AD2d at 282; *Dahm v Miele*, 136 AD2d at 587; *Safier v Kassler*, 124 AD2d 944, 945 [1986]; *see also Ramos v Lido Home Sales Corp.*, 148 AD2d 598, 599 [1989]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment on this ground (*see Rahimzadeh v M.A.C. Assoc.*, 304 AD2d at 637; *see also 160 Chambers St. Realty Corp. v Register of City of N.Y.*, 226 AD2d 606 [1996]; *cf. Nesbitt v Penalver*, 40 AD3d 596 [2007]).

Moreover, this Court has the authority to search the record and award summary judgment to the plaintiffs with respect to an issue that was the subject of the motion before the Supreme Court (*see* CPLR 3212 [b]; *Gorman v Town of Huntington*, 47 AD3d 30, 40 [2007]; *Northrop v Thorsen*, 46 AD3d 780, 784 [2007]). Upon searching the record, we thus award summary judgment to the plaintiffs dismissing the defendants' affirmative defenses of the statutes of frauds and violation of the rule against perpetuities with respect to the repurchase option contained in the agreement dated March 9, 2001.

Finally, we do not reach the defendants' remaining contention that the right of first refusal included within the agreement violates the rule against perpetuities since the plaintiffs do not seek enforcement of that right (*see Sokoloff v Town Sports Intl.,* 6 AD3d 185, 186 [2004]). Prudenti, P.J., Santucci, McCarthy and Chambers, JJ., concur. [*See* 2007 NY Slip Op 31873(U).]