In an action, inter alia, for the specific performance of a contract for the purchase of real property, the defendant appeals from a judgment of the Supreme Court, Orange County (Onofry, J.), dated August 17, 2011, which, upon an order of the same court dated July 18, 2011, denying its motion, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the statute of frauds, and granting the plaintiff’s cross motion for summary judgment on the first cause of action, which was for specific performance, is in favor of the plaintiff and against it, directing it to convey the subject premises to the plaintiff.
Ordered that the judgment is affirmed, with costs.
The defendant owns a commercial warehouse situated on a 2.5-acre parcel of property on Jeanne Drive in Newburgh. On September 6, 1995, the defendant’s president signed a letter acknowledging that the parties had entered into an agreement *1302 for the plaintiff to purchase the Jeanne Drive property, which was identified by street address. The letter specified that the purchase price for the premises would be paid in installments of $12,000 per month “for a period of 15 years (180 months),” and stated that “[t]his letter will suffice until a formal agreement is signed.” It is undisputed that, over the next 15 years, the plaintiff tendered the total sum of $2,160,000 to the defendant in monthly installments of $12,000, and that all carrying charges for the premises, including insurance and real estate taxes, were paid by the plaintiff. The plaintiff also allegedly made significant capital improvements to the property, including the installation of a new roof. Upon payment of the last installment due under the letter agreement, the plaintiff demanded that the defendant convey title of the premises, and the defendant refused to do so.
The plaintiff subsequently commenced this action seeking, inter alia, specific performance of the letter agreement. The defendant moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint, arguing that the letter agreement was not sufficient to satisfy the statute of frauds, and that the monthly payments tendered by the plaintiff were for rent due pursuant to an oral lease. The plaintiff cross-moved for summary judgment on the first cause of action, which was for specific performance, contending that the letter agreement satisfied the statute of frauds, and was thus enforceable, because it set forth the essential terms of a real estate transaction. The Supreme Court denied the defendant’s motion and granted the plaintiff’s cross motion, concluding that the letter agreement was sufficient to satisfy the statute of frauds. The defendant appeals, and we affirm.
In opposition to the defendant’s motion and in support of its cross motion, the plaintiff established that the 1995 letter signed by the defendant’s president was an enforceable agreement for the sale of real property, and that the plaintiff fully performed the agreement in accordance with its terms. Contrary to the defendant’s contention, the letter satisfied the statute of frauds (see General Obligations Law § 5-703 [2]) by identifying the parties to the subject real estate sales transaction, describing the property to be sold with sufficient particularity, and setting forth the terms of payment (see Omar v Rozen, 55 AD3d 705, 706 [2008]; Sabetfard v Djavaheri Realty Corp., 18 AD3d 640, 641 [2005]; Century 21 Volpe Realty v Jhong Kim, 231 AD2d 667 [1996]; 160 Chambers St. Realty Corp. v Register of City of N.Y., 226 AD2d 606 [1996]; Maccioni v Guzman, 145 AD2d 415, 416 [1988]). Although the letter agreement did not set forth the *1303 quality of title to be conveyed, “the law will serve to fill in” a missing provision of this nature (Omar v Rozen, 55 AD3d at 706; see Safier v Kassler, 124 AD2d 944, 945-946 [1986]). Further, the fact that the letter agreement indicated that a more formal agreement was contemplated does not render it unenforceable (see Pescatore v Manniello, 19 AD3d 571, 572 [2005]; Maccioni v Guzman, 145 AD2d at 416). In opposition to the plaintiffs cross motion, the defendant failed to raise a triable issue of fact regarding the enforceability of the letter agreement, or the plaintiffs performance of the agreement.
The defendant’s remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant’s motion, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint, and granted the plaintiffs cross motion for summary judgment on the first cause of action, which was for specific performance. Dillon, J.P, Balkin, Eng and Chambers, JJ., concur.