■ MOSHE SIMPSON et al., Respondents, v 1147 DEAN, LLC, et al., Appellants. [983 NYS2d 443]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated November 16, 2012, as denied their motion to dismiss the cause of action for specific performance pursuant to CPLR 3211 (a) (7) and to cancel a certain notice of pendency filed against the subject real property.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the complaint a liberal construction, accept all facts as alleged in the complaint to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]). Applying this standard, the complaint sufficiently states a cause of action for specific performance of a contract for the sale of real property (*see Jannetti v Whelan*, 97 AD3d 797 [2012]).

Contrary to the defendants' contention, the subject contract, which was annexed to the complaint, satisfied the statute of frauds. "Generally, a writing may satisfy the statute of frauds and be enforced as a contract where it identifies the parties, describes the subject matter, states all of the essential terms of an agreement, and is signed by the party to be charged" (*Atai v Dogwood Realty of N.Y., Inc.*, 24 AD3d 695, 697 [2005]).

Here, the subject contract identifies the parties to the transaction, describes the property to be sold with sufficient particularity, states the purchase price and the down payment received, and is subscribed by the party to be charged (*see Triple A Supplies, Inc. v WPA Acquisition Corp.*, 95 AD3d 1301, 1302 [2012]; *Omar v Rozen*, 55 AD3d 705, 706 [2008]; *Pescatore v Manniello*, 19 AD3d 571, 572 [2005]). While the contract did not specify how or when the balance of the purchase price was to be paid, " 'the presumption is that money was to be the medium of payment, and that the final payment was to be made at the delivery of the deed' " (*Birnhak v Vaccaro*, 47 AD2d 915, 916 [1975], quoting *N. E. D. Holding Co., Inc. v McKinley*, 246 NY 40, 44 [1927]; *see 160 Chambers St. Realty Corp. v Register of City of N.Y.*, 226 AD3d 606, 607 [1996]). The failure of the parties to specify a closing date in the contract is not a fatal defect because the law will presume that the closing will take place within a reasonable time (*see Omar v Rozen*, 55 AD3d at 706; *Kirk Assoc. v McDonald Equities*, 155 AD2d 281, 282 [1989]).

The defendants' remaining contentions are either without merit or not properly before this Court. Dickerson, J.P., Hall, Roman and Cohen, JJ., concur.