■ MARC CHEMTOB, Appellant, v IL PADRONE CONSTRUCTION II, LLC, et al., Respondents, et al., Defendants. [52 NYS3d 461]—

In an action for specific performance of a contract to purchase two parcels of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated November 12, 2015, which granted the motion of the defendants Il Padrone Construction II, LLC, Amner, Ltd., and Nessim Tammam for summary judgment dismissing the complaint insofar as asserted against them and cancelling a notice of pendency filed in connection with the two parcels of real property, and denied his cross motion for summary judgment on the complaint and for a judgment declaring that a certain writing is a valid and enforceable contract.

Ordered that the order is affirmed, with costs.

On December 29, 2014, the plaintiff and the defendant Nessim Tammam signed a writing whereby Tamman, as seller, and the plaintiff, as purchaser, agreed to the sale of two parcels of real property for the purchase price of $20,000,000, with a down payment of $2,000,000. The writing also contained the following notations: "on or about 60 Days Closing," "As is—Condition," "Violations: Subject to Monetary sums to be paid by Seller," "all Cash," and "Seller to pay broker under separate Contract." Thereafter, according to the plaintiff, Tammam attempted to "back out of the agreement" and renegotiate some of the terms. As a result, on January 9, 2015, the plaintiff commenced this action against Tammam and the defendants Il Padrone Construction II, LLC, and Amner, Ltd. (hereinafter collectively the Tammam defendants), among others, seeking specific performance of the writing. The Tammam defendants moved for summary judgment dismissing the complaint insofar as asserted against them and cancelling a notice of pendency filed in connection with the two parcels of real property. The plaintiff cross-moved for summary judgment on the complaint and for a judgment declaring that the writing is a valid and enforceable contract. The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals.

Contrary to the Tammam defendants' contention, the writing satisfies the statute of frauds, as it identifies the parties to the transaction, describes the properties to be sold with sufficient particularity, states the purchase price and the down payment required, and is subscribed by the party to be charged (*see Simpson v 1147 Dean, LLC*, 116 AD3d 835, 836 [2014]; *Triple A Supplies, Inc. v WPA Acquisition Corp.*, 95 AD3d 1301, 1302 [2012]; *Atai v Dogwood Realty of N.Y., Inc.*, 24 AD3d 695, 697 [2005]; *160 Chambers St. Realty Corp. v Register of City of N.Y.*, 226 AD2d 606 [1996]).

However, the evidence submitted in support of the Tammam defendants' motion raised triable issues of fact regarding whether there was a meeting of the minds between the plaintiff and Tammam sufficient to give rise to a binding and enforceable contract (*see Agosta v Fast Sys. Corp.*, 136 AD3d 694, 695 [2016]).

Nonetheless, the Tammam defendants satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law. "Before specific performance of a contract for the sale of real property may be granted, a plaintiff must demonstrate that it substantially performed its contractual obligations and that it is ready, willing, and able to satisfy those obligations not yet performed, regardless of any alleged anticipatory breach by the defendant" (*Johnson v Phelan*, 281 AD3d 394, 395 [2001]; *see Bowen v Horgan*, 259 NY 267 [1932]; *Dixon v Malouf*, 70 AD3d 763, 763 [2010]). "An anticipatory breach by the party from whom specific performance is sought excuses the party seeking specific performance from tendering performance, but not from the requirement that the party seeking specific performance establish that he or she was ready, willing, and able to perform" (*Zeitoune v Cohen*, 66 AD3d 889, 891 [2009]; *see 3M Holding Corp. v Wagner*, 166 AD2d 580 [1990]).

The evidence submitted by the Tammam defendants in support of their motion established that the plaintiff never demanded performance of the writing on a specific date (*see Weiss v Feldbrand*, 50 AD3d 673, 674 [2008]; *Decatur [2004] Realty, LLC v Cruz*, 30 AD3d 367 [2006]; *Cave v Kollar*, 296 AD2d 370 [2002]), and never tendered the $2,000,000 down payment. In addition, the Tammam defendants made a prima facie showing that the plaintiff was not ready, willing, and able to perform on the writing (*see Sutphin Mgt. Corp. v REP 755 Real Estate, LLC*, 73 AD3d 738, 741-742 [2010]; *Zeitoune v Cohen*, 66 AD3d at 891; *ADC Orange, Inc. v Coyote Acres, Inc.*, 20 AD3d 493, 495 [2005], *mod* 7 NY3d 484 [2006]; *Ferrone v Tupper*, 304 AD2d 524 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact. For the same reasons, the plaintiff failed to meet his prima facie burden on that branch of his cross motion which was for summary judgment on the complaint.

Accordingly, the Supreme Court properly granted the Tammam defendants' motion for summary judgment and properly denied that branch of the plaintiff's cross motion which was for summary judgment on the complaint. Furthermore, inasmuch as the plaintiff did not seek declaratory relief in some form of

pleading, that branch of his cross motion which was for a judgment declaring that the subject writing is a valid and enforceable contract was also properly denied (*see* CPLR 3017; *Derfner Mgt. Inc. v Lenhill Realty Corp.*, 105 AD3d 683 [2013]; *McHugh v Weissman*, 46 AD3d 369 [2007]; *Matter of Seplow v Century Operating Co.*, 56 AD2d 515 [1977]). Chambers, J.P., Hall, Maltese and Brathwaite Nelson, JJ., concur.