Appeal from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated July 29, 2015. The order, insofar as appealed from, granted those branches of the defendants’ motion which were to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7) and cancel the notices of pendency.
 

 Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants’ motion which were to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7) and cancel the notices of pendency are denied.
 

 The defendants, as sellers, and the plaintiff’s assignor, as purchaser, entered into a contract dated March 31, 2014, for the sale of three contiguous parcels of property in Brooklyn. The purchase price was in excess of $4 million, and the purchaser made a down payment in the sum of $575,489, with $3,800,211 payable at the closing. The contract provided that the closing was to occur on or before April 30, 2014, time being of the essence. On April 23, 2014, the plaintiff’s attorney asked for an adjournment of the closing until May 2014, because the plaintiff had received a mortgage commitment and the lender still had to schedule an appraisal. The defendants’ attorney did not respond to the request. Thereafter, on April 29, 2014, the parties communicated with each other with respect to the release of escrow funds, and no mention was made of the request for an adjournment.
 

 On April 30, 2014, the defendants’ attorney, in the presence of a stenographer and notary public, noted that he had in his possession deeds to the subject properties, real estate transfer tax returns, and nonforeign status certifications, signed by the defendants, and further noted that the plaintiff had not appeared for a closing. The defendants thereafter terminated the contract due to the plaintiff’s failure to appear at the time-of-the-essence closing, and retained the down payment.
 

 The plaintiff commenced this action seeking specific performance of the contract or, in the alternative, a return of the down payment, and filed notices of pendency with respect to the subject properties. The amended complaint alleged that on April 23, 2014, the plaintiff requested an adjournment of the time-of-the-essence closing date of April 30, 2014, and received no response. The amended complaint further alleged that the defendants did not communicate with the plaintiff about securing the documents necessary for them to close. The plaintiff alleged that, consistent with the parties’ prior dealings, which included multiple adjournments of the closing dates, the plaintiff had a good faith belief that the defendants “would not proceed with the closing on April 30th.”
 

 The plaintiff further alleged that title reports for the subject properties revealed outstanding mortgages in the sums of $11,265,000, which far exceeded the $3,800,211 payable at the closing, and the defendants were “required at a closing to produce a pay-off letter for these mortgages and either a satisfaction, discharge or release from the holder, or good funds payable at the closing, to a title company in escrow to pay off these mortgages,” but failed to determine the payoff amount prior to the scheduled closing or engage in any other communications to comply with those provisions. The plaintiff sought specific performance of the contract or, in the alternative, return of the $575,489 down payment.
 

 The defendants made a pre-answer motion, inter alia, to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7). On a pre-answer motion to dismiss pursuant to CPLR 3211 (a) (1) and (7), the allegations in the amended complaint must be accepted as true, and those allegations, “supplemented by a plaintiff’s additional submissions, if any, must be given their most favorable intendment” (Arrington v New York Times Co., 55 NY2d 433, 442 [1982]; see Mihlovan v Grozavu, 72 NY2d 506 [1988]). “Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate” (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832 [2014], citing Guggenheimer v Ginzburg, 43 NY2d 268, 274-275 [1977]). Relief pursuant CPLR 3211 (a) (1) requires documentary evidence which utterly refutes the plaintiff’s factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 AD3d 587, 588 [2014]).
 

 The Supreme Court granted those branches of the defendants’ motion, concluding that (1) the plaintiff did not appear, and did not have funds to close, on April 30, 2014, the time-of-the-essence closing date, (2) the plaintiff’s argument that the defendants were not ready to close on the law day is without merit, because the plaintiff was required, pursuant to paragraph 6 (a) (i) of the contract, to raise any title objections prior to the closing, which it did not do. The court further found that the plaintiff, as purchaser, was required to tender performance and demand good title before it could complain that the defendants were not ready or could not convey good title. The court found that “[i]n light of the documentary evidence that plaintiff was not ready, willing and able to close, that it failed to appear at the closing, and that it therefore defaulted under the Purchase Agreement, plaintiff is not entitled to either specific performance or the return of its deposit.” The plaintiff appeals.
 

 In order to retain the down payment, the defendants were required to prove that they were ready, willing, and able to perform on the law day (see Imperatore v 329 Menahan St., LLC, 130 AD3d 784, 785 [2015]; Matter of Hicks, 72 AD3d 1085 [2010]; Pinhas v Comperchio, 50 AD3d 1117 [2008]). There are exceptions to this rule, such as where the purchaser seeks to cancel the contract without giving the seller an opportunity to cure any defects (see Martocci v Schneider, 119 AD3d 746, 747 [2014]), but that was not the case here. In order to obtain a return of the down payment, the purchaser is not required to tender performance and attend a closing if the seller is unable to perform on the law day (see Yu Ling Hu v Zapas, 108 AD3d 621, 622 [2013]).
 

 With respect to the defendants’ ability to perform on April 30, 2014, paragraph 6 of the contract required the plaintiff to provide exceptions to title to the defendants five days before the closing. However, clause c of paragraph 6 provided that “[n]otwithstanding the foregoing, Seller shall be required to satisfy, discharge or remove of record any instrument in the nature of a mortgage, security, agreement, financing statement or any other instrument which evidences or secures voluntary indebtedness entered into or placed on the Premises by the Seller.” Here, the mortgage indebtedness on the subject property amounted to $11,265,000, nearly three times the portion of the purchase price due at the closing. The defendants only satisfied $8,850,000 of that indebtedness in October 2014, about six months after the law day. Further, in order to close, the defendants were required to clear other liens of up to $25,000, and deliver their corporation formation documents to the title company, which allegedly was not done.
 

 On the question of specific performance, a purchaser seeking specific performance of a real estate contract must demonstrate that he or she was ready, willing, and able to perform on the contract, regardless of any anticipatory breach by the seller (see Pesa v Yoma Dev. Group, Inc., 18 NY3d 527, 531-532 [2012]; Chemtob v Il Padrone Constr. II, LLC, 149 AD3d 900, 902 [2017]). An anticipatory breach of the contract excuses the purchaser from tendering performance, but does not excuse the purchaser from the requirement that it be ready, willing, and able to perform (see Chemtob v Il Padrone Constr. II, LLC, 149 AD3d at 902).
 

 The defendants were not required to consent to the adjournment of a time-of-the-essence closing (see Grace v Nappa, 46 NY2d 560, 565 [1979]). However, the question here is whether the defendants had any obligation to respond. A duty to speak arises where there is a duty of fair dealing between the parties pursuant to a contractual relationship, and failure to speak is inconsistent with “honest dealings” and misleads another (Matter of Aetna Cas. & Sur. Co. v Crown, 181 AD2d 883, 884 [1992] [internal quotation marks omitted]). Such a duty may be created by a course of conduct (see Russell v Raynes Assoc. Ltd. Partnership, 166 AD2d 6, 15 [1991]). Here, the plaintiff was a tenant of the defendants; therefore, there was a prior course of conduct not explored on this record, as well as opportunities to speak and actual communication between the parties with respect to this transaction one day prior to the law day.
 

 Where there is an opportunity and duty to speak, failure to speak may constitute an assent (see More v New York Bowery Fire Ins. Co., 130 NY 537, 545 [1892]; Russell v Raynes Assoc. Ltd. Partnership, 166 AD2d at 15; Scientific Holding Co., Ltd. v Plessey Inc., 510 F2d 15, 29 [2d Cir 1974]). Whether there was a duty to speak and the effect of not speaking may present questions of fact (see generally Schulze v Kwik-Chek Realty Co., 212 Va 111, 181 SE2d 629 [1971]), which cannot be determined on a motion to dismiss pursuant to CPLR 3211 (a) (1) and (7).
 

 The defendants’ remaining contention is without merit.
 

 Accordingly, the Supreme Court should have denied those branches of the defendants’ motion which were to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7) and cancel the notices of pendency.
 

 Dillon, J.P., Leventhal, LaSalle and Connolly, JJ., concur.