■ JOHN KODOGIANNIS, Also Known as JOHN KONTOS, et al., Appellants, v ALICE L. MUMFORD, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Brown, J.), entered July 28, 1987 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs executed two copies of an agreement for the lease and purchase of a Dairy Queen in the City of Saratoga Springs, Saratoga County, from defendant, who also executed the copies. Thereafter, disagreements arose concerning some of the terms of the agreement. On June 13, 1985, defendant mailed to plaintiffs a letter retracting her offer to sell the property and, on June 18, 1985, defendant returned to plaintiffs their down payment and executed copy of the agreement. Plaintiffs commenced this action seeking specific performance of the agreement. After issue was joined, defendant moved for

summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiffs appeal.

Under General Obligations Law § 5-703 (2), a contract for the sale of real property must be evidenced by a writing that expresses the consideration and is signed by the party to be charged. This Statute of Frauds requires that the writing designate the parties, identify and describe the subject matter of the agreement, and state all the essential terms *(Aceste v Wiebusch,* 74 AD2d 810).

Here, a fair reading of the agreement fails to identify clearly the parties responsible for paying taxes and, further, fails to specify the exact terms of payment for the business should the option to purchase be exercised. Moreover, since there are two copies of the agreement which are not identical as to terms, the inference remains that the parties intended that the final terms of the contract would be reached through later negotiations. Under these circumstances, we agree with Supreme Court that the agreement fails to satisfy the requirements of the Statute of Frauds and, therefore, plaintiffs' complaint seeking specific performance of the agreement was properly dismissed.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.