■ HENRY FRANK et al., Respondents, v IRWIN KATZ et al., Appellants.—In an action, *inter alia,* for a judgment declaring the rights and duties of the parties with respect to an option to purchase real property, the defendants appeal from so much of an order of the Supreme Court, Dutchess County (Benson, J.), entered December 19, 1986, as granted the plaintiffs' motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment is denied.

The four plaintiffs are cousins, doing business as "Frank Realty Company", who own approximately 250 acres of land on Vervalin Mountain near Poughkeepsie, New York. The defendant Irwin Katz is an officer, director and shareholder of the defendant Dutchess Communications Corporation, which was formed to own and operate a new radio station in Poughkeepsie. On February 9, 1981, Katz and the plaintiff Henry Frank, who was purportedly acting on behalf of Frank Realty Company, entered into an option agreement whereby Frank Realty Company agreed to sell a five-acre parcel of the Vervalin Mountain property to the defendants for use as the site for the antenna, transmitter and studios for the proposed radio station. The agreement provided that it would be subject to approval of the proposed radio station by the Federal Communications Commission. The defendants obtained approval to operate the station from the Federal Communications Commission in June 1985 and attempted to exercise the option by letter dated August 16, 1985. The plaintiffs, who had entered into a contract dated August 2, 1985, to sell the entire 250-acre Vervalin Mountain property, then commenced this action for a declaration of the parties' rights with respect to the option agreement.

In granting the plaintiffs' motion for summary judgment, the Supreme Court erroneously relied on Partnership Law § 21 (5), which requires that all partners execute a conveyance in order to pass title to property held in their names. Since the issue presented at bar is whether the plaintiff Henry Frank bound the remaining plaintiffs to the option agreement, questions of fact are raised as to whether the plaintiffs were conducting their business as a partnership, whether Henry Frank's grant of the option was a business purpose of the

partnership *(see,* Partnership Law § 20 [1]), whether considera-
tion was tendered for the option, and whether it was exercised
within a reasonable time under all the circumstances herein.
Moreover, the description of the five-acre Vervalin Mountain
parcel in the option agreement and in subsequent memoranda
clearly referable to the option agreement, describes the prop-
erty with such definiteness and exactness as will permit it to
be identified with reasonable certainty, in satisfaction of the
Statute of Frauds *(see, Boyajian v Casey,* 52 AD2d 1014;
General Obligations Law § 5-703 [2]). Once this test is met,
parol evidence is admissible to enable the court to identify
precisely the property to which the contract relates *(Boyajian
v Casey, supra; Malin v Ward,* 21 AD2d 926, *lv denied* 15
NY2d 482). Kunzeman, J. P., Weinstein and Kooper, JJ.,
concur.

Rubin, J., dissents and votes to affirm the order granting the
plaintiffs' motion for summary judgment on the ground that
the option is invalid as violative of the Statute of Frauds
(General Obligations Law § 5-703), with the following memo-
randum: An irrevocable option to sell real property is a
unilateral contract *(see,* 3A Warren's Weed, New York Real
Property, Options, ¶ 1.01 [4th ed]), which must comply with
the Statute of Frauds *(see, Hoaglund v Daniels,* 50 AD2d 923;
*Elias v Serota,* 103 AD2d 410). General Obligations Law § 5-
703 (2) (Real Property Law former §§ 242, 259) provides that
"[a] contract * * * for the sale, of any real property, or an
interest therein, is void unless the contract or some note or
memorandum thereof * * * is in writing, subscribed by the
party to be charged, or by his lawful agent thereunto autho-
rized by writing". "Prior to the foregoing statute, a contract in
the firm name signed by only one partner was sufficient to
bind the others since the law did not require that an agent's
authorization be in writing. Today, under the statute, a con-
tract is void unless * * * 'subscribed by the party to be
charged, or by his lawful agent thereunto authorized in
writing' " (4 Warren's Weed, New York Real Property, Part-
nership, ¶ 4.01 [4th ed]).

Each partner acts, as to himself, as principal, having joint
interest in partnership property and, as to each other partner,
as general agent *(Caplan v Caplan,* 268 NY 445). Even if the
subject parcel of real property is allegedly partnership prop-
erty, albeit recorded title is in the name of all the plaintiffs as
tenants in common, the option is void in the absence of any
evidentiary proof, as here, that the plaintiff Henry Frank, as
agent for his copartners, had written authorization to enter

into a contract for the sale of partnership real estate. A review of the record discloses no evidentiary proof that a partnership for the purpose of dealing in real estate was ever created by a written agreement executed by the plaintiffs, authorizing any of the partners to enter into contracts for the sale of realty owned by the partnership. "It is true, of course, that the Statute of Frauds is not applicable to a contract to form a partnership to deal in real estate because the interest of each partner in a partnership is deemed personalty *(Mattikow v Sudarsky,* 248 NY 404; *Fairchild v Fairchild,* 64 NY 471; *Pace v Perk,* 81 AD2d 444). Thus, if a partner who has purchased property for a partnership refuses to convey it, the other partners can obtain specific performance of their oral partnership agreement and compel the purchasing partner to convey to the partnership *(Mattikow v Sudarsky, supra; Pace v Perk, supra).* The situation differs, however, when a partnership agreement requires the partnership to convey partnership real estate to one of the partners individually, for, in that event, the Statute of Frauds applies because the interest to be conveyed is not considered personalty" *(Elias v Serota,* 103 AD2d 410, 413, *supra).*

A fortiori, the Statute of Frauds applies to an agreement to convey partnership real estate to a third person because the interest to be conveyed is not personalty. Consequently, in the absence of written authorization, the option executed by Henry Frank is void for noncompliance with General Obligations Law § 5-703.