■ Antonino Parisi et al., Respondents, v Selma C. Harman, Individually and as Trustee and Executrix of Abbot A. Harman, Deceased, Defendant, and Marie Watnicki, Individually and as Executrix of Marek Watnicki, Deceased, Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Cobb, J.), entered March 10, 1988 in Greene County, which, *inter alia,* denied defendant Marie Watnicki's motion for summary judgment dismissing the complaint against her.

Defendants, Marie Watnicki and Selma C. Harman, each owned a 50% undivided interest in a parcel of land located in the Town of Hunter, Greene County.[1] Plaintiffs signed a written "purchase offer" dated August 18, 1986 whereby plaintiffs would buy defendants' property for $220,000, with a "Downpayment of [$75,000] Balance of [$145,000] to be held by owners for a period of 5 years [at] 10% interest" with monthly payments specified. On or about September 5, 1986, defendants signed the bottom portion of the "purchase offer" which indicated their agreement to the terms of the offer and acknowledged a payment to be held in escrow, but no sum of money was indicated as paid. A handwritten note in the upper left corner of the document specified that a deposit was to be held in escrow by defendants' apparent attorney,[2] but no sum was specified.

Plaintiffs later presented defendants' attorney with signed copies of a more formal contract together with a $22,000 deposit. Although Harman signed this contract, Watnicki did not and refused to proceed with the sale. The $22,000 was returned to plaintiffs. Thereafter, plaintiffs commenced this action against both Harman[3] and Watnicki for specific performance of the signed purchase offer. Watnicki answered, denying the existence of a binding agreement and, in the alternative, asserting a counterclaim for damages for breach of the

1. Watnicki and her husband were owners of a 50% undivided interest in the property as were Harman and her husband. Upon the deaths of their respective spouses, each defendant became executrix of her husband's estate, thereby retaining control of their respective ownership interests.

2. Some question is raised as to the scope of this attorney's authority regarding Watnicki.

3. Harman has settled with plaintiffs and is not participating in the appeal currently before us.

agreement by plaintiffs. Watnicki then moved for summary judgment dismissing the complaint against her or, in the alternative, granting the relief sought in her counterclaim. Plaintiffs cross-moved for summary judgment for specific performance of the contract. Supreme Court denied both motions and dismissed the counterclaim. This appeal by Watnicki challenging the denial of her motion for summary judgment dismissing the complaint against her ensued.[4]

The dispositive issue in this case is whether there was a "meeting of the minds as to an element which the parties deemed essential" (5 Warren's Weed, New York Real Property, Specific Performance, § 1.06 [6] [4th ed]). If what the parties to a contract deem to be essential is not specifically set forth, the agreement will be void under the Statute of Frauds (see, e.g., Kodogiannis v Mumford, 145 AD2d 764). A deposit has been held to be an essential term of a land sale contract (see, Sheehan v Culotta, 99 AD2d 544, 545; Villano v G & C Homes, 46 AD2d 907, 908, appeal dismissed 36 NY2d 918, lv dismissed 40 NY2d 806, 959, 989).

Here, the written document specifies a down payment of $75,000 in the offer portion, an acknowledgment of no money being held in escrow by defendants' attorney in the acceptance portion, and a deposit of an unspecified sum to be held in escrow by defendants' attorney in the upper left corner. These terms create an ambiguity as to what was intended and, when coupled with the subsequent conduct of the parties, there are at least three possibilities: (1) the terms of art "downpayment" and "deposit" were considered synonymous so that the $75,000 was required to be paid as earnest money, (2) a specific amount less than $75,000 intended as a deposit was to be paid after acceptance of the offer and held by defendants' attorney in escrow, or (3) no agreement on a deposit of less than $75,000 was reached. Since the existence of these possibilities creates a question of fact, Watnicki's motion for summary judgment dismissing the complaint against her was properly denied. In reaching this result, we cannot accept as a matter of law plaintiffs' argument that Watnicki's tardy return of the more formal contract of sale unsigned by her, together with the $22,000 tendered as a deposit, constituted an acceptance creating a binding, enforceable contract on

4. Although Watnicki's notice of appeal indicates that she intended to challenge Supreme Court's dismissal of her counterclaim, she has not raised this issue in her brief, which is thereby waived (see, e.g., Matter of Medicon Diagnostic Labs. v Perales, 145 AD2d 167, 170).

these terms, especially in view of the questions concerning the extent of the authority of defendants' attorney.

Order affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.