■ J & J BUILDERS & DEVELOPERS, INC., et al., Appellants, v JOHN D'ALESIO & SONS, INC., et al., Respondents.

On or about March 15, 1986, plaintiffs Joseph Glebocki and John Hillman and the defendant Arthur D'Alesio entered into what they characterize as a "binder agreement" concerning the sale of certain property in Orange County. The property is

described in the binder as "a parcel of approximately 84 acres of bare land fronting on Oil City Road and Liberty Corners Road in the Township of Warwick, Orange Co[unty], New York. (See map with parcel outlined in red.) A Major portion of Tax Map No.: 1-1-56". The "portion" to be purchased is not otherwise described.

From May to June 1986, the parties exchanged several letters concerning the rate of interest for a purchase-money mortgage and a mortgage release clause. In June of that year, the seller returned the buyers' deposit money and indicated he was no longer interested in selling the land. Thereafter, the buyers commenced the instant action for specific performance of the binder.

As the Supreme Court, Orange County, found, the agreement fails to adequately identify the property being sold. On the one hand, the binder describes the property sold as consisting of "approximately 84 acres". On the other hand, it is described as a parcel outlined in red on a tax map, which, as outlined, actually consists of a total of 95.9 acres. The binder's designation of the property to be sold is thus ambiguous. So viewed, the binder does not satisfy the Statute of Frauds since it does not adequately describe the subject property to be conveyed (see, General Obligations Law § 5-703 [2]; *Sheehan v Culotta*, 99 AD2d 544). Thompson, J. P., Bracken, Brown and Kunzeman, JJ., concur.