■ HARRY HACKAL et al., Respondents, v ERIC ADLER et al., Defendants, and ROBERT SCHNEIDER et al., Appellants. [650 NYS2d 792] —In an action, *inter alia,* pursuant to RPAPL article 15 to compel a determination of claims to real property, the defendants Robert and Dawn Schneider appeal, as limited by

their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated September 1, 1995, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs Harry and Joan Hackal claim that in 1985 the late Rose Adler, the mother of the defendants Eric and Roger Adler, gave them an option to purchase certain property which was to be effective in the event that the property was offered for sale, or upon her death. According to the plaintiffs, the written option prepared and signed by Rose Adler without an attorney, was given to them in exchange for their agreement to forbear from seeking specific preformance of a contract for the sale of the same property, entered into some months earlier.

In 1988 Mrs. Adler conveyed the property to her sons, retaining for herself a life estate. She died in 1994, and in April 1995 the plaintiffs sought to exercise their option, and commenced this action having learned that the defendants Eric and Roger Adler had sold, or were about to sell, the property to the appellants Robert and Dawn Schneider. The Schneiders' cross motion for summary judgment dismissing the complaint insofar as asserted against them was denied, and they appeal.

We find that summary judgment was properly denied. The appellants' contention that the written option is insufficient to satisfy the Statute of Frauds is meritless. The decedent's description of the premises as "my property—house and land" is sufficiently definite and exact to permit the property to be identified with reasonable certainty in satisfaction of the Statute of Frauds (see, General Obligations Law § 5-703 [2]; *Maccioni v Guzman,* 145 AD2d 415, 416; *Frank v Katz,* 145 AD2d 597, 598; *Elias v Serota,* 103 AD2d 410, 416; *see generally,* 61 NY Jur 2d, Frauds, Statute of, § 166). Equally unavailing is the assertion that the writing was insufficient because it failed to express the consideration for the option (see, General Obligations Law § 5-703 [2]; *Kodogiannis v Mumford,* 145 AD2d 764, 765).

Furthermore, the appellants' claim that the action is time-barred because the Statute of Limitations started to run in 1988 when Mrs. Adler transferred the property to her sons must also fail. The court properly concluded that the plaintiffs' option, or right of first refusal, was not triggered by the 1988 transfer since that transfer was a gift and not a sale (see, *Rowlee v Dietrich,* 88 AD2d 751), and the right of first refusal

is triggered by a contract to sell to a third party *(see, Matter of LIN Broadcasting Corp. v Metromedia, Inc.,* 74 NY2d 54, 56).

The appellants' remaining contentions are without merit. Sullivan, J. P., Copertino, Joy and Goldstein, JJ., concur.