GIBRALTAR ESTATES, INC., Appellant, v U.S. BANK N.A., et al., Respondents. [774 NYS2d 176]—

In an action, inter alia, for specific performance of a purported contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated September 30, 2002, which granted the defendants' motion for summary judgment dismissing the complaint, and, in effect, denied its cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff buyer commenced this action against the defendants (hereinafter collectively the seller), inter alia, for specific performance of a purported contract for the sale of real property. On March 28, 2002, the buyer's attorney received a voice mail message from an employee of the seller stating that the "listing price" of the subject property was $175,000, "as is." The seller's employee also stated that offers should be directed to the seller's attorney, by fax, at a specified fax number, and the offers would be given to "the vice-president," who would consider them and "take it from there."

On April 2, 2002, the buyer's attorney faxed a letter to the specified fax number, offering to purchase the property for $125,000, and asking, inter alia, for an opportunity to rebid if the seller received other serious bids, and advice on what would constitute "an acceptable offer." In response, the seller sent the buyer an "offer sheet" by fax, stating that the "Seller Counter" was $170,000.

On April 9, 2002, the buyer's attorney sent a letter to the seller by fax and overnight mail accepting the seller's "counter-offer." In the same letter, the buyer stated that "a closing can be arranged immediately . . . assuming our abstract company can insure good title," and that the seller "would be responsible for any outstanding property taxes and/or water and sewer charges up to the time of closing." Under cover of the same letter, the buyer sent the seller a check for $10,000 as its " 'good faith' deposit."

The seller returned the $10,000 and denied that a contract existed between the parties. This action, inter alia, for specific performance ensued. After issue was joined, the seller moved for summary judgment dismissing the complaint, and the buyer cross-moved for summary judgment. The Supreme Court granted the seller's motion for summary judgment dismissing the complaint as barred by the statute of frauds (*see* General Obligations Law § 5-703 [2]). We affirm.

The seller established its prima facie entitlement to judgment as a matter of law by demonstrating that the written communications between the parties failed to set forth the essential terms of an agreement for the sale of real property. There was no agreement as to the amount of the contract deposit (*see Parisi v Harman,* 150 AD2d 946, 947 [1989]; *Sheehan v Culotta,* 99 AD2d 544, 545 [1984]). Further, the buyer inserted terms in its acceptance letter which were not agreed to by the seller, including a requirement that "our abstract company can insure good title" (*see Simmonds v Marshall,* 292 AD2d 592 [2002]; *O'Brien v West,* 199 AD2d 369 [1993]). In opposition, the buyer failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the seller's motion for summary judgment dismissing the complaint and, in effect, denied the buyer's cross motion. Ritter, J.P., Goldstein, Townes and Crane, JJ., concur.