HELEN SIEGER, Appellant, v JOAN PREHAY et al., Respondents. [791 NYS2d 657]—

In an action, inter alia, for specific performance of a contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated November 17, 2003, as granted those branches of the separate motions of the defendants Joan Prehay and Southpoint, Inc., which were to dismiss the amended complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly determined that the letter dated July 1, 2002, which the plaintiff and the defendant Joan Prehay signed, failed to describe the real property owned by Prehay with the degree of certainty necessary to satisfy the statute of frauds (see General Obligations Law § 5-703 [2]; *Cohen v Swenson,* 140 AD2d 407 [1988]; *J & J Bldrs. & Devs. v D'Alesio & Sons,* 158 AD2d 674 [1990]). The letter referred only to "the house" at a certain corner and made no reference to real property or land. Moreover, no property street address is stated in the letter, nor did it set forth dimensions, acreage, metes and bounds, or lot number (*cf. Hackal v Adler,* 234 AD2d 341 [1996]). Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were to dismiss the amended complaint insofar as asserted against them. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.