■ David Walentas, Appellant, v 35-45 Front Street Co., Respondent. [797 NYS2d 908]—

In an action, inter alia, for specific performance of an alleged agreement for the sale of real property, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated March 12, 2004, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that it is barred by the statute of frauds.

Ordered that the order is affirmed insofar as appealed from, with costs.

The statute of frauds (*see* General Obligations Law § 5-703 [3]) provides that "[a] contract to devise real property . . . is void unless the contract or some note or memorandum thereof is in writing and subscribed by the party to be charged there-

with, or by his [or her] lawfully authorized agent." To satisfy the statute of frauds, a memorandum evidencing a contract and subscribed by the party to be charged must designate the parties, identify and describe the subject matter, and state all of the essential terms of a complete agreement (*see Rahimzadeh v M.A.C. Assoc.,* 304 AD2d 636 [2003]; *Simmonds v Marshall,* 292 AD2d 592 [2002]; *Cohen v Swenson,* 140 AD2d 407 [1988]; *Schuman v Strauss,* 139 AD2d 502 [1988]; *Sheehan v Culotta,* 99 AD2d 544 [1984]). Here, the plaintiff failed to produce such a writing and therefore his complaint was properly dismissed.

The plaintiff's remaining contention is not preserved for appellate review. S. Miller, J.P., Krausman, Fisher and Lifson, JJ., concur.