■ Jon C. Behrends et al., Respondents, v White Acre Acquisitions, LLC, Appellant. [862 NYS2d 918]—In an action, inter alia, for a judgment declaring that two contracts for the sale of real property are void and unenforceable, the defendant appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated May 1, 2007, which denied its motion for summary judgment declaring that the contracts are enforceable and granted the plaintiffs' cross motion for summary judgment declaring that the contracts are void and unenforceable.

In an action, inter alia, for a judgment declaring that two contracts for the sale of real property are void and unenforceable, the defendant appeals from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated August 2, 2007, as, upon reargument, adhered to that portion of the original determination in an order dated May 1, 2007, denying that branch of its motion which was for summary judgment declaring that the contracts are enforceable, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as, upon reargument, denied that branch of their cross

motion which was for summary judgment on the first cause of action declaring that the contracts are void and unenforceable.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, upon reargument, the original determination in the order dated May 1, 2007, granting that branch of the plaintiffs' cross motion which was for summary judgment on the first cause of action declaring that the contracts are void and unenforceable is adhered to, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment declaring that the two subject contracts for the sale of real property are void and unenforceable; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The parties entered into two contracts for the sale of real property whereby the plaintiffs-sellers agreed to sell to the defendant-buyer certain commercial and residential properties in Poughkeepsie, New York. At the time the contracts were executed, the properties were being renovated by the sellers. As significant to the instant appeal, the contracts did not set forth an exact purchase price for many of the properties, and instead relied upon a formula to determine the purchase price at the time of closing.

To be enforceable, a contract for the sale of real property must be evidenced by a writing sufficient to satisfy the statute of frauds (*see* General Obligations Law § 5-703 [2]). "To satisfy the statute of frauds, a memorandum evidencing a contract and subscribed by the party to be charged must designate the parties, identify and describe the subject matter, and state all of the essential terms of a complete agreement" (*Walentas v 35-45 Front St. Co.*, 20 AD3d 473, 474 [2005]; *see Rahimzadeh v M.A.C. Assoc.*, 304 AD2d 636 [2003]). The "essential terms" which should be set forth include, inter alia, the "terms of payment" (*Sabetfard v Djavaheri Realty Corp.*, 18 AD3d 640, 641 [2005]). However, where a contract's material terms are not reasonably definite, the contract is unenforceable (*see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]). Here, the formula for determining the sale price is not sufficiently definite to be enforceable (*cf. Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475 [1989], *cert denied* 498 US 816 [1990]). Several terms utilized in the contracts, such as, "stabilized," "gross annual income," and "expenses" are ambiguous (*see generally Computer Assoc. Intl., Inc. v U.S. Balloon Mfg. Co., Inc.*, 10 AD3d 699, 700 [2004]).

Since this is, in part, a declaratory judgment action, we remit

the matter to the Supreme Court, Dutchess County, for entry of an appropriate judgment (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Lifson, Santucci and Miller, JJ., concur.