In a probate proceeding in which an action for specific performance of a contract for the sale of real property was transferred from the Supreme Court, Suffolk County, to the Surrogate’s Court, Suffolk County, Annette Chessare appeals (1) from an order of the Surrogate’s Court, Suffolk County (Weber, S.), dated February 5, 2009, which denied her motion for summary judgment on the complaint in the action for specific performance, and (2), as limited by her brief, from so much of an order of the same court dated September 25, 2009, as, upon reargument, adhered to the original determination in the order dated February 5, 2009.
Ordered that the appeal from the order dated February 5, 2009, is dismissed, as that order was superseded by the order dated September 25, 2009, made upon reargument; and it is further,
Ordered that the order dated September 25, 2009, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the respondents.
The Surrogate’s Court properly denied the plaintiffs motion for summary judgment on the complaint, which sought to *1077 compel specific performance of a contract for the sale of certain real property to the plaintiff. To be enforceable, a contract for the sale of real property must be evidenced by a writing sufficient to satisfy the statute of frauds (see General Obligations Law § 5-703 [2]; Behrends v White Acre Acquisitions, LLC, 54 AD3d 700, 701 [2008]). To satisfy the statute of frauds, a memorandum evidencing a contract and subscribed by the party to be charged must designate the parties, identify and describe the subject matter, and state all of the essential terms of a complete agreement (see Nesbitt v Penalver, 40 AD3d 596, 597 [2007]; Walentas v 35-45 Front St. Co., 20 AD3d 473, 474 [2005]). “ ‘[The] writing must set forth the entire contract with reasonable certainty so that the substance thereof appears from the writing alone ... If the contract is incomplete and it is necessary to resort to parol evidence to ascertain what was agreed to, the remedy of specific performance is not available’ ” (Chechia v Stone Meadow Homes, 280 AD2d 510, 510-511 [2001], quoting O’Brien v West, 199 AD2d 369, 370 [1993]). Only reasonable certainty, not absolute certainty, as to the terms of the agreement is required (see O’Brien v West, 199 AD2d at 370). However, where a contract’s material terms are not reasonably definite, the contract is unenforceable (see Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109 [1981]; Behrends v White. Acre Acquisitions, LLC, 54 AD3d at 701).
Here, the plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In a transaction for the sale of real property, “[t]he general rule is that ‘the terms . . . of a mortgage subject to which a purchaser is to take title to real property are essential and material elements of the contract’ ” (Marder’s Nurseries v Hopping, 171 AD2d 63, 74 [1991], quoting Read v Henzel, 67 AD2d 186, 189 [1979]). The evidence submitted by the plaintiff did not establish the absence of a triable issue of fact regarding whether certain terms of the mortgage subject to which she was to take title to the property pursuant to the contract had been agreed to with reasonable certainty or, alternatively, had been left for future negotiations (see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 91 [1991]; Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d at 109). “[W]here it is clear from the language of an agreement that the parties intended to be bound and there exists an objective method for supplying a missing term, the court should endeavor to hold the parties to their bargain” (Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d at 91; see Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 483 [1989], cert *1078 denied 498 US 816 [1990]). Here, however, the plaintiff failed to establish an absence of any triable issue of fact regarding whether the contract provided a methodology for determining the mortgage terms at issue, or invited recourse to an objective extrinsic event, condition, or standard on which those terms were made to depend (see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d at 91-92; Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d at 110; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Based on the foregoing, the Surrogate’s Court properly denied the plaintiffs motion for summary judgment. In light of this determination, we need not examine the sufficiency of the defendant’s opposition papers (see Alvarez v Prospect Hosp., 68 NY2d at 324; Dixon v Malouf, 70 AD3d 763, 764 [2010]).
In light of the foregoing, we need not reach the plaintiffs remaining contentions. Covello, J.P., Santucci, Balkin and Austin, JJ., concur.