■ LEON MAKIN, Respondent, v CAROL VANTREESE, Also Known as CAROL MAKIN, et al., Defendants, and DCG PINE HILL, LLC, Appellant. [914 NYS2d 924]—

Appeal from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered August 4, 2009 in an action pursuant to RPAPL article 15. The order, insofar as appealed from, denied the motion of defendant DCG Pine Hill, LLC for summary judgment dismissing the second amended complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the second amended complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking, inter alia, to enforce an agreement pursuant to which his deceased brother was to purchase real property from their sister-in-law, defendant Carol VanTreese, also known as Carol Makin (hereafter, Carol Makin). According to plaintiff, defendant DCG Pine Hill, LLC (DCG), the actual purchaser of the property in question, had notice of the agreement between plaintiff's deceased brother and Carol Makin that allowed plaintiff to assume the rights of his brother with respect to the agreement in the event of his death. We conclude that Supreme Court erred in denying the motion of DCG for summary judgment dismissing the second amended complaint against it. We agree with DCG that the description of the real property contained in the agreement was not sufficiently specific to satisfy the statute of frauds (*see generally* General Obligations Law § 5-703 [2]). It is unclear from that description how the property is to be divided into three sections pursuant to the agreement, and thus the agreement is unenforceable (*see Allegro v Youells*, 67 AD3d 1081, 1082-1083 [2009]; *Sieger v Prehay*, 16 AD3d 575 [2005]; *Duffy v Benjamin*, 280 App Div 993 [1952]). Present—Centra, J.P., Carni, Sconiers and Pine, JJ.