In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Elliot, J.), entered March 4, 2011, which granted the separate motions of the defendant HSBC Mortgage Corporation (USA) and the defendants Merci Astudillo and Bolivar Astudillo, and that branch of the separate motion of the defendant Citibank, N.A., which were for summary judgment dismissing the complaint insofar as asserted against each of them.
Ordered that the order is reversed, on the law, with costs, and the separate motions of the defendant HSBC Mortgage Corporation (USA) and the defendants Merci Astudillo and Bolivar *1269 Astudillo, and that branch of the separate motion of the defendant Citibank, N.A., which were for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
By deed dated April 5, 2002, Impressive Homes, Inc. (hereinafter IHI), acquired a vacant lot located at 35-17 101st Street, Corona, and designated on the tax map of the City of New York as Block 1742, Lot 49 (hereinafter Lot 49). The approximate size of this lot is 45 feet by 100 feet. Pursuant to a separate deed, also dated April 5, 2002, IHI acquired the neighboring lot (hereinafter Lot 46), which was designated with the identical street address. However, the neighboring lot was designated on the tax map as Block 1742, Lot 46. The size of Lot 46 is 50 feet by 100 feet.
Thereafter, the plaintiff and IHI entered into a contract of sale (hereinafter the subject contract) dated June 7, 2002, pursuant to which the plaintiff agreed to purchase certain real property identified with a street address of 35-13 101st Street, Corona, and a tax map designation of “Block: 1742, Lot: 49-Part of Old Lot 49” (hereinafter Contract Lot No. 1). The subject contract also recited that the size of Contract Lot No. 1 was 25 feet by 100 feet. Pursuant to the rider to the contract, IHI agreed to build a three-family home on Contract Lot No. 1. On the same date, IHI also entered into a separate contract of sale with the plaintiff’s brother-in-law, pursuant to which the brother-in-law agreed to purchase certain real property, with a street address of 35-15 101st Street, Corona, and identified as “Block: 1742, Lot: 49 (Part of Old Lot 49)-Lot Size: 25 x 100” (hereinafter Contract Lot No. 2). IHI agreed to build a separate three-family home on Contract Lot No. 2.
At the time that IHI entered into the subject contract with the plaintiff, and the separate contract with her brother-in-law, Lot 49 had yet to be subdivided into two separate lots.
Counsel for IHI cancelled the two contracts by letters, both dated February 2, 2004, contending that IHI was unable to complete construction as required pursuant to the terms of the contracts. The contract down payments were returned to the plaintiff and her brother-in-law.
On February 23, 2004, the plaintiff commenced this action against IHI for, inter alia, specific performance of the subject contract. On March 5, 2004, the plaintiff filed a notice of pendency against Contract Lot No. 1.
Subsequently, pursuant to deeds dated December 1, 2005, IHI transferred two properties, identified as Block 1742, Lot 49, with a property address of “N/A 101st Street,” and “Block 1742 *1270 New Lot 48 (part of lots 49 and 46),” with a property address of 35-17 101st Street, to Corona Gardens, Inc. By deeds dated April 27, 2006, Corona Gardens, Inc., in turn conveyed these properties to KFIR Group, LLC (hereinafter KFIR). The deed to KFIR concerning the property which had previously been known as Lot 49 identified the property as “New Lot 50 (part of old lot 46),” deleting any reference to the prior lot designation, Lot 49, and stating that the property had a street address of 35-11 101st Street. The other deed to KFIR now identified the property as having a street address of 35-15 101st Street, rather than 35-17 101st Street. A correction deed, dated December 12, 2006, was eventually executed with respect to the “New Lot 50,” clarifying that “New Lot 50” was a resultant lot of the prior Lot 49, and not Lot 46.
On September 15, 2006, KFIR entered into two contracts of sale with Merci Astudillo and Bolivar Astudillo (hereinafter together the Astudillos) for the sale of the two properties, upon each of which KFIR agreed to construct a three-family home. The Astudillos obtained mortgages from HSBC Mortgage Corporation (USA) (hereinafter HSBC) and Citibank, N.A. (hereinafter Citibank), respectively, to finance the purchase of these properties.
After obtaining an order dated May 21, 2007, extending the notice of pendency for an additional three years, the plaintiff amended her complaint to include, among others, the Astudillos, HSBC, and Citibank as additional defendants. In her second amended complaint, the plaintiff alleged that, after she filed that notice of pendency, the Astudillos, HSBC, and Citibank improperly obtained interests in or encumbered the properties that she was entitled to purchase pursuant to the subject contract. Thus, the plaintiff sought to annul the interests and encumbrances in the subject property claimed by HSBC, Citibank, and the Astudillos.
HSBC and the Astudillos each moved for summary judgment dismissing the complaint insofar as asserted against each of them, and Citibank separately moved, inter alia, for the same relief. The Supreme Court awarded summary judgment to HSBC, Citibank, and the Astudillos dismissing the complaint insofar as asserted against them, concluding that they established that the subject contract failed to describe the property with sufficient particularity to satisfy the statute of frauds. The plaintiff appeals, and we reverse.
To be enforceable, a contract for the sale of real property must be evidenced by a writing sufficient to satisfy the statute of frauds (see General Obligations Law § 5-703 [2]; Matter of *1271 Licata, 76 AD3d 1076, 1077 [2010]). “To satisfy the statute of frauds, a memorandum evidencing a contract and subscribed by the party to be charged must designate the parties, identify and describe the subject matter, and state all of the essential terms of a complete agreement” (Matter of Licata, 76 AD3d at 1077; see Nesbitt v Penalver, 40 AD3d 596, 597 [2007]; Walentas v 35-45 Front St. Co., 20 AD3d 473, 474 [2005]). “[T]he writing must set forth the entire contract with reasonable certainty so that the substance thereof appears from the writing alone. If the contract is incomplete and it is necessary to resort to parol evidence to ascertain what was agreed to, the remedy of specific performance is not available” (O’Brien v West, 199 AD2d 369, 370 [1993] [citation omitted]; see Matter of Licata, 76 AD3d at 1077; Checkla v Stone Meadow Homes, 280 AD2d 510, 510-511 [2001]).
However, the description of real property in a contract of sale “need not be as detailed and exact as the description in a deed” (Elias v Serota, 103 AD2d 410, 416 [1984]; see Matter of Licata, 76 AD3d at 1077). “Only reasonable certainty, not absolute certainty, as to the terms of the agreement is required” (Matter of Licata, 76 AD3d at 1077; Hackal v Adler, 234 AD2d 341, 342 [1996]; see Maccioni v Guzman, 145 AD2d 415, 416 [1988]). Where the property is described with such definiteness and exactness as will permit it to be identified with reasonable certainty, “parol evidence would then be admissible to enable the court to identify precisely the property to which the contract relates” (Boyajian v Casey, 52 AD2d 1014, 1014 [1976]; see Frank v Katz, 145 AD2d 597, 598 [1988]; Miller v Tuck, 95 App Div 134 [1904]).
Here, HSBC, Citibank, and the Astudillos failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them. Contrary to the contentions of HSBC, Citibank, and the Astudillos, the description of the property in the subject contract is sufficiently definite and exact to permit the property to be identified with reasonable certainty in satisfaction of the statute of frauds (see Hackal v Adler, 234 AD2d at 342; see e.g. Maccioni v Guzman, 145 AD2d at 416; cf. Sieger v Prehay, 16 AD3d 575 [2005]; J & J Bldrs. & Devs. v D'Alesio & Sons, 158 AD2d 674, 675 [1990]; Cohen v Swenson, 140 AD2d 407 [1988]). Furthermore, they failed to establish, prima facie, that the precise location of the property cannot be ascertained by extrinsic evidence (see Frank v Katz, 145 AD2d at 598; Miller v Tuck, 95 App Div at 134, 135; see also Boyajian v Casey, 52 AD2d 1014 [1976]).
*1272 Thus, regardless of the sufficiency of the plaintiffs opposition to the motions, the Supreme Court should have denied the separate motions of HSBC and the Astudillos, and that branch of Citibank’s separate motion which were for summary judgment dismissing the complaint insofar as asserted against each of them (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
The plaintiff’s remaining contentions either have been rendered academic in light of our determination or are not properly before this Court, since they were raised for the first time on appeal. Skelos, J.E, Balkin, Leventhal and Austin, JJ., concur. [Prior Case History: 2011 NY Slip Op 30502(U).]