■ Moshe Piller, Appellant, v Marsam Realty 13th Avenue, LLC, et al., Respondents. [25 NYS3d 273]—

In an action, inter alia, for a judgment declaring that an agreement to purchase real property was a valid and enforceable contract, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Demarest, J.), dated October 22, 2013, which granted the defendants' motion for summary judgment, declared, with respect to the first cause of action, that the agreement was not a valid and enforceable contract, dismissed the second, third, and fourth causes of action, and canceled the notice of pendency filed against the subject real property.

Ordered that the order and judgment is affirmed, with costs.

To be enforceable, a contract for the sale of real property must be evidenced by a writing sufficient to satisfy the statute of frauds (see General Obligations Law § 5-703 [2]; Del Pozo v Impressive Homes, Inc., 95 AD3d 1268 [2012]). To satisfy the

statute of frauds, a memorandum evidencing a contract and subscribed by the party to be charged must designate the parties, identify and describe the subject matter, and state all of the essential terms of a complete agreement (*see Matter of Licata*, 76 AD3d 1076 [2010]; *Nesbitt v Penalver*, 40 AD3d 596, 598 [2007]). A mere agreement to agree, in which a material term is left for future negotiations, is unenforceable (*see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the letter of intent at issue (hereinafter the LOI) failed to satisfy the statute of frauds, as it did not properly designate the parties and failed to include terms for the payment of a deposit and the purchase price (*see Nesbitt v Penalver*, 40 AD3d 596 [2007]; *Gibraltar Estates v U.S. Bank*, 5 AD3d 728 [2004]; *Parisi v Harman*, 150 AD2d 946 [1989]; *cf. Atai v Dogwood Realty of N.Y., Inc.*, 24 AD3d 695 [2005]). Moreover, the unambiguous language of the LOI and the correspondence exchanged by the parties established that the parties did not intend to be bound until the signing of a formal contract of sale (*see Argent Acquisitions, LLC v First Church of Religious Science*, 118 AD3d 441, 445 [2014]; *Matter of Piterniak*, 51 AD3d 931 [2008]; *2004 McDonald Ave. Realty, LLC v 2004 McDonald Ave. Corp.*, 50 AD3d 1021 [2008]; *Nesbitt v Penalver*, 40 AD3d at 598). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment and declared that the LOI was not valid and enforceable, and dismissed the remainder of the complaint (*see Behrends v White Acre Acquisitions, LLC*, 54 AD3d 700 [2008]).

The plaintiff's remaining contentions are without merit. Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.