443 Jefferson Holdings, LLC v Sosa (2019 NY Slip Op 05376)





443 Jefferson Holdings, LLC v Sosa


2019 NY Slip Op 05376


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-03187
 (Index No. 504990/14)

[*1]443 Jefferson Holdings, LLC, appellant,
v
Thelma Sosa, respondent.


Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., New York, NY (Christopher J. Sullivan and Candice A. Andalia of counsel), for appellant.
David R. Ferguson, New York, NY, for respondent.



DECISION & ORDER
In an action for specific performance of an agreement for the sale of real property and to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated February 22, 2017. The order denied that branch of the plaintiff's motion which was for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On January 4, 2013, the defendant and nonparty Aron Froimovits executed a handwritten, one-page agreement (hereinafter the agreement) whereby the defendant was to sell to Froimovits or his assignee two separate properties in Brooklyn, one located on Menahan Street (hereinafter the Menahan property) and the other on Central Avenue (hereinafter the Central Avenue property). The agreement contained a single purchase price, $1,375,000, for both properties. The agreement stated that Froimovits was to give the defendant a deposit of $1,000 "plus $99,000 upon demand of [the defendant] to be held in escrow with [the defendant's] attorney or a title company." Froimovits gave the defendant a check for $1,000. No demand was ever made for the additional $99,000.
The agreement provided that the Menahan property was to be delivered at closing with at least four apartments vacant, while the Central Avenue property was to be delivered with at least three vacant apartments. The closing was to be held "30 days after notice to buyer that the properties are vacant," as that term was described by the agreement. At the time the agreement was executed, the defendant was not the sole owner of the properties.
Subsequently, Froimovits assigned his rights under the agreement to the plaintiff. By letter dated April 30, 2014, an attorney, on behalf of the plaintiff, gave notice to the defendant that the plaintiff was ready, willing, and able to close on May 12, 2014, and indicated that time was of the essence. The closing never occurred.
Thereafter, the plaintiff commenced this action against the defendant seeking specific performance of the agreement insofar as it pertained only to the sale of the Menahan property and to recover damages for breach of contract. The plaintiff moved, inter alia, for summary judgment on the complaint and the defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.
"To be enforceable, a contract for the sale of real property must be evidenced by a writing sufficient to satisfy the statute of frauds" (O'Hanlon v Renwick, 166 AD3d 890, 891; see General Obligations Law § 5-703[2]; Del Pozo v Impressive Homes, Inc., 95 AD3d 1268, 1270). "To satisfy the statute of frauds, a memorandum evidencing a contract and subscribed by the party to be charged must designate the parties, identify and describe the subject matter, and state all of the essential terms of a complete agreement" (Walentas v 35-45 Front St. Co., 20 AD3d 473, 474; see O'Hanlon v Renwick, 166 AD3d at 891; Nesbitt v Penalver, 40 AD3d 596, 598).
In a real estate transaction, the essential terms of a contract typically include the purchase price, the time and terms of payment, the required financing, the closing date, the quality of title to be conveyed, the risk of loss during the sale period, and adjustments for taxes and utilities (see Saul v Vidokle, 151 AD3d 780, 781; Nesbitt v Penalver, 40 AD3d at 598; see also O'Hanlon v Renwick, 166 AD3d at 891). "[W]here a contract's material terms are not reasonably definite, the contract is unenforceable" (Matter of Licata, 76 AD3d 1076, 1077).
Here, the defendant demonstrated her prima facie entitlement to judgment as a matter of law dismissing the complaint on the basis that the agreement did not satisfy the statute of frauds. The agreement did not state all of the essential terms, including allocation of the price between the two properties, whether one property could be sold without the other, the terms of payment, and the risk of loss during the sale period, and did not mention the adjustments for taxes and utilities which would customarily be included in a transaction of this nature (see Behrends v White Acre Acquisitions, LLC, 54 AD3d 700, 701; Nesbitt v Penalver, 40 AD3d at 598; O'Brien v West, 199 AD2d 369, 370). In addition, the agreement did not include the necessary parties because not all of the owners of the properties executed the agreement (see Kwang Hee Lee v ADJMI 936 Realty Assoc., 46 AD3d 629, 631)."
In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's cross motion for summary judgment dismissing the complaint and to deny that branch of the plaintiff's motion which was for summary judgment on the complaint.
AUSTIN, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court