Madison Trust Co. v Starwood I, LLC (2024 NY Slip Op 06331)

Madison Trust Co. v Starwood I, LLC

2024 NY Slip Op 06331

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2023-00073
 (Index No. 2356/20)

[*1]Madison Trust Company, etc., et al., appellants,
v
Starwood I, LLC, et al., respondents.

Levine & Associates, P.C., Scarsdale, NY (Michael Levine of counsel), for appellants.
MacVean, Lewis, Sherwin & McDermott, P.C., Middletown, NY (Kevin F. Preston of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, in effect, for specific performance of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Orange County (James L. Hyer, J.), dated November 28, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action, inter alia, in effect, for specific performance of a purchase and sale agreement (hereinafter the agreement), by which the defendants allegedly had agreed to sell real property to the plaintiff Madison Trust Company. The defendants moved for summary judgment dismissing the complaint, arguing, among other things, that the agreement was unenforceable because it failed to satisfy the statute of frauds. In an order dated November 28, 2022, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiffs appeal.
"To be enforceable, a contract for the sale of real property must be evidenced by a writing sufficient to satisfy the statute of frauds" (Del Pozo v Impressive Homes, Inc., 95 AD3d 1268, 1270; see General Obligations Law § 5-703[2]). "A writing satisfies the statute of frauds if it identifies the parties to the transaction, describes the properties to be sold with sufficient particularity, states the purchase price and the down payment required, and is subscribed by the party to be charged" (Makris v Boylan, 175 AD3d 1400, 1401; see Ehrenreich v Israel, 188 AD3d 818, 819). While the description of real property in a contract of sale "need not be as detailed and exact as the description in a deed" (Elias v Serota, 103 AD2d 410, 416), the property must be described with such definiteness and exactness as will permit it to be identified with reasonable certainty (see Duffy v Leteri, 222 AD3d 838, 840; see also Del Pozo v Impressive Homes, Inc., 95 AD3d at 1271). "Where the property is described with such definiteness and exactness as will permit it to be identified with reasonable certainty, 'parol evidence would then be admissible to enable the court to identify precisely the property to which the contract relates'" (Del Pozo v Impressive Homes, Inc., 95 AD3d at 1271, quoting Boyajian v Casey, 52 AD2d 1014, 1014).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action, in effect, for specific performance of the agreement. The agreement specified that the defendants would convey "part of" the 61.40-acre parcel they owned, without any further description of either the amount or location of the land intended to be conveyed. This vague description did not permit the property to be identified with reasonable certainty, such that the defendants demonstrated, prima facie, that the agreement failed to satisfy the statute of frauds (see Duffy v Leteri, 222 AD3d at 840; Allegro v Youells, 67 AD3d 1081, 1083).
In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs did not offer extrinsic evidence of the portion of the property intended to be sold. Rather, the evidence they offered, consisting of the plaintiff Lazer Wagschal's deposition testimony that the defendants had orally agreed to convey the entire parcel, impermissibly contradicted the plain terms of the agreement (see Mew Equity, LLC v Sutton Land Servs., LLC, 144 AD3d 874, 878; Solomon v Burden, 104 AD3d 839, 840).
Furthermore, the plaintiffs failed to raise a triable issue of fact as to whether the defendants' alleged oral agreement to convey the entire parcel could be enforced on the basis of partial performance. "[A]n agreement which violates the statute of frauds may be enforceable where there has been part performance unequivocally referable to the contract by the party seeking to enforce the agreement" (Luft v Luft, 52 AD3d 479, 481 [internal quotation marks omitted]; see General Obligations Law § 5-703[4]; Gendler v Guendler, 174 AD3d 507, 509). "It is insufficient that the oral agreement gives significance to [the] plaintiff's actions. Rather, the actions alone must be unintelligible or at least extraordinary, explainable only with reference to the oral agreement" (Gendler v Guendler, 174 AD3d at 509 [internal quotation marks omitted]).
Here, the plaintiffs failed to raise a triable issue of fact as to whether they partially performed under the alleged oral agreement so as to excuse the absence of a writing that satisfies the statute of frauds. In light of all of the surrounding circumstances testified to by the parties, the plaintiffs' $220,000 payment to the defendants was not explainable only with reference to the alleged agreement (see id.; Barretti v Detore, 95 AD3d 803, 807).
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
IANNACCI, J.P., CHRISTOPHER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court